## DANFORTH & CARTER v. TIMMERMAN.

DEMURRER—PARTIES—PRINCIPAL AND AGENT.—It is not ground of demurrer for defect of parties defendant that magistrate summons is addressed to the defendant, and the itemized account attached is charged to him as agent.

*Ligon* v. *Irvine*, 1 Rich., 502, *distinguished from this.*

Before ALDRICH, J., Edgefield, August, 1902.   Affirmed.

Action in magistrate court by Danforth & Carter against James A. Timmerman.   From order on Circuit reversing order of magistrate sustaining demurrer, defendant appeals.

*Mr. B. B. Evans,* for appellant, cites: *On main question:* 2 N. & McC., 70; 27 S. C., 318; 1 Strob. Eq., 262; 1 Rich. L., 502; Story on Ag., 193; Code, 149; 42 S. C., 511.   *Demurrer is remedy:* 12 S. C., 56, 130; Code, 165-6.

*Mr. B. E. Nicholson,* contra, cites: *On main question:* 2 Kent's Com., 493; 2 Hill, 294; 1 McM., 352; 4 Strob., 214; 1 Ency., 392; 4 McC., 392; 2 Bail., 163; 3 Strob., 542; 1 Ency., 403, note.

February 25, 1903.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This was an action in a magistrate's court upon an account for merchandise.   The defendant demurred for defect of parties defendant in that the summons was addressed to James A. Timmerman, and the verified account was against James A. Timmerman, agent; the magistrate sustained the demurrer and dismissed the complaint, but further provided that plaintiff be allowed to amend his complaint by making Mrs. James A. Timmerman a party defendant, if so advised.   On appeal to the Circuit Court, the order of the magistrate was reversed and the case remanded for trial, from which order defendant now appeals.

We think there was no error.   The pleadings alleged that

defendant is indebted to plaintiff on account for said merchandise, and the plaintiff assumes the burden of showing the defendant is personally liable therefor. The bare fact that the account was stated as against James A. Timmerman, agent, is not material under the issue as now presented. The case does not show who was defendant's principal in the transaction, if, indeed, the goods were purchased by defendant as agent for some one. If it should appear that defendant purchased and received the goods as agent for another, and the goods were charged to defendant as agent, defendant may, nevertheless, be personally liable, if at the time of the purchase of the goods his principal was not disclosed or known to plaintiff, or if defendant had no authority to bind his principal in the transaction, or if, notwithstanding the agency, he voluntarily incurred a personal responsibility to pay for the goods received by him. *Miller* v. *Ford,* 4 Strob., 214, 1 Ency. Law, 2 ed., p. 1122. In an action brought to render an agent personally liable for goods purchased by him and charged to him as agent, the *onus* lies upon defendant to show that another is exclusively liable. *Miller* v. *Stock,* 2 Bailey, 163. The case of *Ligon* v. *Irvine,* 1 Rich., 502, does not apply to this case as now presented, since in that suit it appeared that the contract was expressly made in behalf of a disclosed principal. This case was properly remanded to the magistrate for trial.

The judgment of the Circuit Court is affirmed.