JOHN D. KENNEDY v. ANTHONY STONEHOUSE.

Opinion filed June 20, 1904.

**Action Lies Against an Agent for the Breach of a Contract Made in Bad Faith and Without Authority in the Name of His Principal.**

1. Under section 4343, subd. 2, Rev. Codes 1899, one who, without authority, executes a written contract in the name of his principal, without believing in good faith that he has authority to do so, is responsible as principal to third persons for his acts in the course of his assumed agency; and an action is maintainable against him upon the contract, as principal therein, and for its breach.

**Agent Is Liable as Principal, and for Costs of Action Against the Latter.**

2. Under section 4995, Rev. Codes 1899, one injured by the breach of an agent's warranty of authority may recover damages therefor in "the amount which could have been recovered and collected from his principal if the warranty had been complied with," and, in addition thereto, "the reasonable expenses of legal proceedings taken in good faith to enforce the act of the agent against his principal."

**Damages — Statute of Limitations.**

3. In 1891 the defendant, as agent for the owner of certain real estate, and in her name, but without authority, and without believing in good faith that he had such authority, executed and delivered to the plaintiff a written contract to sell and convey the same upon the crop-payment plan. The plaintiff entered into possession, completed his payments, and became entitled to a deed in the fall of 1901. In March, 1902, the plaintiff was ejected in an action instituted by the owner. Upon these facts it is *held* (1) that the defendant is liable as principal upon the contract, and for its breach; (2) that plaintiff's cause of action arose when he was ejected by the owner, and is not barred by the statute of limitations; and (3) that a judgment for the value of the land at the date of the breach, and for his costs and expenses in defending the action of ejectment, was proper.

Appeal from District Court, Grand Forks county, *Fisk, J.*

Action by John D. Kennedy against Anthony Stonehouse. Judgment for plaintiff and defendant appeals.

Affirmed.

*Tracy R. Bangs,* for appellant.

Words of contract against the principal may be disregarded as surplusage, and the action brought against the prinicpal on the con-

tract itself. Cochran v. Baker, 56 Pac. 641; White v. Madison, 26 N. Y. 117.

A warranty of authority arising by implication does not constitute a "covenant of warranty." 8 Am. & Eng. Enc. Law, 54; 1 Jones on Real Property and Conveyancing, 827, 833 et seq.

If the action is in tort for the deceit practiced on plaintiff by defendant, in assuming to have authority that he did not have, the action is barred by the statute of limitations. Subdiv. 6 of section 5201, Rev. Codes, 1899; 19 Am. & Eng. Enc. Law, 193.

The rule is the same whether the damage results immediately or not. 19 Am. & Eng. Enc. Law. 200; Wood v. Currey, 57 Cal. 208; Lattin v. Gillette, 30 Pac. 545; Northrop v. Hill, 57 N. Y. 351; Everett v. O'Leary, 95 N. W. 901.

The statute begins to run without regard to the time that plaintiff was aware of his right of action. 19 Am. & Eng. Enc. Law, 213.

Plaintiff's right of action accrued upon the delivery and execution of the contract to wit: April 20, 1891.

The action is not for relief on the ground of fraud in a case heretofore solely cognizable in chancery; and the running of the statute is not postponed until the facts constituting the fraud are discovered, and therefore not within subdivision 6, section 5201, Rev. Codes, 1899. Foote v. Farrington, 41 N. Y. 164; Jaffray v. Bear, 9 S. E. 382; Relf v. Eberly, 23 Ia. 467; Carr v. Thompson, 87 N. Y. 160; Jacobs v. Fredrick, 51 N. W. 320; Clausen v. Meister et al, 29 Pac. 232; Miller v. Wood, 22 N. E. 553.

Plaintiff was informed by one Warren, the agent of the owner of the land, in 1893, that defendant had no authority to sell plaintiff the land, and demanded possession, which the plaintiff refused until he was paid for his improvements. Plaintiff claims that he was guaranteed his deed by defendant when the delivery of the wheat was complied with under the contract, but this does not exempt him from prosecuting his inquiries upon the information from Warren. If a party would avoid the bar of the statute, on account of fraud, he must show due diligence to detect it, and will be deemed to have known it, if the means of discovery were within his power. Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807; Norris v. Haggin, 28 Fed. 275; Peall v. Slaven, 40 Fed. 774; Murray v. Chicago & N. W. Ry. Co., 92 Fed. 868; 19 Am. & Eng. Enc. Law, 250.

Fraudulent concealment does not postpone the running of the statute of limitations. There is no statute making such conceal-

ment postpone the running of the statute of limitations. Without statutory authority the courts can create no such exception. Jaffary v. Bear, 9 S. E. 382; Lenhardt v. French, 35 S. E. 761; Fee's Adm'r v. Fee 10 Ohio, 470; Jacobs v. Frederick, 51 N. W. 320; Murray v. Chicago & N. W. Ry. Co., 92 Fed. 868; Amy v. City of Watertown, 130 U. S. 320, 9 Sup. Ct. Rep. 537; Pollock et al. v. Wright et al., 87 N. W. 584.

A contract of warranty of authority is analogous to a covenant of seizin, and the latter is broken upon the execution and delivery of the deed, if the grantor has no title. Mitchell v. Kepler, 39 N. W. 241; Sherwood v. Landon et al., 23 N. W. 778; Union Pac. Ry. Co. v. Barnes, 64 Fed. 80.

The implied warranty of title to personal property is broken immediately if vendor has no title. Chancelor v. Wiggins, 39 Am. Dec. 499. And so the warranty implied in the indorsement of a note, if it is forged. Ware v. McCormack, 28 S. W. 157, 959; Blethen v. Lovering, 58 Me. 437; Graham v. Robertson, 3 S. E. 611; Jefferson Co. v. Burlington & M. R. R. Co. 23 N. W. 899; Marton v. City of Nevada, 41 Fed. 582; Bartlett v. Bulleve, 23 Kan. 606; Northrop v. Hill, 57 N. Y. 351; Russell & Co. v. Polk County Abstract Co., 54 N. W. 212; Lattin v. Gillette, 30 Pac. 545; Miller v. Wood, 22 N. E. 553.

Where an agent has executed a contract for his principal without authority, the agent is not bound as principal, unless the contract contains apt words to bind him. White v. Madison, 26 N. Y. 117; Dung v. Parker, 52 N. Y. 494; Baltzen v. Nicolay, 53 N. Y. 467; Johnson v. Smith, 21 Conn. 627; Ogden v. Raymond, 22 Conn. 379; Taylor v. Shelton, 30 Conn. 626; Duncan v. Niles, 32 Ill. 532; Wheeler v. Reed, 36 Ill. 61; Abbey v. Chase, 6 Cush. 56; Bartlett v. Tucker, 104 Mass. 341, 6 Am. Rep. 240; Ballou v. Talbot, 16 Mass. 461, 8 Am. Dec. 146; Noyes v. Loring, 55 Me. 411; Sheffield v. Ladue, 16 Minn. 388; Cole v. O'Brien, 34 Neb. 68, 51 N. W. 316; Brong et al. v. Spence, 77 N. W. 54; Farmers' Co-op. Trust Co. v. Floyd, 26 N. E. 110; Cochran v. Baker, 56 Pac. 641; Clark v. Foster, 8 Vt. 98; McCurdy v. Rogers, 21 Wis. 199.

In these cases it is held, that aciton is either on an implied warranty of authority, or for deceit, according to the circumstances of each particuler case.

In California, whose statute is like that of North Dakota, it is held, where the contract is in terms the contract of the principal,

the agent cannot be held as principal thereon. Hall v. Crandall, 29 Cal. 568; Lander v. Castro, 43 Cal, 497; Wallace v. Bentley et al., 77 Cal. 19, 18 Pac. 788; Senter et al. v. Monroe, 77 Cal. 347, 19 Pac. 580. See also Clark v. Foster, 8 Vt. 98.

The fact that section 4995 lays down a rule of damages for a breach of an agent's warranty of authority, does not preclude the adoption of another. Browne v. Wolcott, 1 N. D. 415, 48 N. W. 336.

We believe the rule applicable to this case is found in section 4978. The contract which the agent made was without authority and invalid. The wrong was immediate, and the plaintiff had a right of action for damages. If the land had been worth more than the plaintiff agreed to pay he was entitled to the difference. Skaaraas v. Finnegan, 16 N. W. 456.

If the rule of this case is the correct one, the plaintiff's action is not only barred, but he has failed to prove the value of the real estate at the date of the contract.

*Standish & Barry,* for respondents.

One who assumes to contract for another to sell land to a third party, is supposed to know whether he has authority so to deal, and how he obtained it; and when he acts without such authority the law presumes his intent and purpose fraudulent, and shifts to him the burden to show that he acted in good faith under the belief that he had authority. Clark v. Lewis, 8 Vt. 96; Wear v. Gove, 44 N. H. 196; Farmers' Co-op. Trust Co. v. Floyd, 26 N. E. 110.

The defendant by signing the contract represented that he had authority to sign it, and so warranted, and this became an implied warranty and a part of the contract. He assumed, himself, the fulfilment of the contract as fully as his principal could have done. Section 4343, Rev. Codes 1899.

The liability for falsely assuming to act as agent does not arise, until some suit against, or by, the principal determines that he had no such authority. Section 4995, Rev. Codes, 1899, assumes this when it provides that the cost of such suit is to become a portion of the damages recoverable against the agent.

As between grantor and grantee, where grantee is put in possession until the time arrives for a deed, the statute of limitations is suspended. Love v. Watkins, 40 Cal. 547 (565). Where a grantee goes into possesion and gets no title to the land, as long as his possession is not disturbed, before he can sue on the covenants, he

must either surrender possession and sue, or wait until he is ejected. Montgomery v. N. P. R. R. Co. 67 Fed. 445; Burr v. Greeley, 52 Fed. 926; Fowler v. Smith, 2 Cal. 568; Norton v. Jackson, 5 Cal. 263; Clements v. Collins, 59 Ga. 124; Fowler v. Chiles, 27 Kan. 504; Hopkins v. VanWickle, 2 La. Ann. 143; Waugh v. Good, 6 Mo. App. 600; Holladay, v. Menifee, 30 Mo. App. 207; Pence v. Gabbert, 63 Mo. App. 302; Roomis v. Bedel, 11 N. H. 74; Griffith v. Hemshall, 1 Clarke Ch. 571; Blydenburgh v. Catheal, (1 Duer 176); Lewis v. Cook, 35 N. C. 193; Talbot v. Bedsford's Heirs, 3 Tenn. 442; Scott v. Kirkendall, 88 Ill. 465; Wilson v. Irish, 17 N. W. 511; Allis v. Nininger, 25 Minn. 535; Jones v. Richmond, 13 S. E. 414.

Statutes are interpreted with reference to the common law. Sutherland on Stat. Const., section 29.

The only damage that could be fixed would have to calculate the value of the land, when the deed was earned, and an action in deceit would not lie so long as plaintiff was in possession; and there was no time for a suit until ejectment and an action on the principalship of the agent was the only remedy. 8 Am. & Eng. Enc. Law, (2d Ed.) 110.

As to necessity of surrender of purchase, see 8 Am. & Eng. Enc. Law, (2d Ed.) 111. Sufficiency of hostile assertion, see 8 Am. & Eng. Enc. Law, 113. Burden of proving title paramount, see same, page. 198.

This action is properly brought. It is upon the warranty and principalship liability of the agent contained in the contract, and the complaint is in proper form. Cochran v. Baker, 56 Pac. 641; Farmers' Cooperative Trust Co. v. Floyd, 26 N. E. 110.

The measure of damages is the value of the land in the fall of 1901, the time when the conveyance should have been made. Pinkston v. Huie, 9 Ala. 252; Gibbs v. Jemison, 12 Ala. 820; Wells v. Aberenthy, 5 Conn. 222; Buchmaster v. Grundy, 1 Scam. (Ill.) 310; McKee v. Brandon, 2 Scam. (Ill.) 339; Plummer v. Rigdon, 78 Ill. 222; Hill v. Hobart, 16 Me. 484; Lawrence v. Chase, 54 Me. 196; Dyer v. Dorsey, 1 Gill & J. 440; Cannel v. McAhean, 6 Har. & J. 297; Kirkpatrick v. Downing, 58 Mo. 32; Drake v. Baker, 34 N. J. L. 358; Barbour v. Nichols, 3 R. I. 187; Bordman v. Keeler, 21 Vt. 84; Hopkins v. Lee, 19 U. S. 109, 5 L. Ed. 218.

A party by his own fraud may be estopped from pleading the statutes of limitation where he has done an act that prevented suit being brought while the statute was running. 13 Am. & Eng. Enc.

Law (1st Ed.) 719; Armstrong v. Levan, 109 Pa. St. 177; Lingar v. Hazelwood, 11 Lea (Tenn.) 539; Simplot v. Chicago, etc., Car Co. 16 Fed. 350; Bailey v. Glover, 88 U. S. 342, 22 L. Ed. 636; Prondzinski v. Garbut, 8 N. D. 191, 77 N. W. 1012; Cox v. Huntsville Gas Light Co., 106 Ala. 373, 17 So. 626; Board of County Commissioners v. State, 7 N. E. 254; Davis v. Hoopes, 33 Miss. 175; Union Mortgage Banking & Trust Co. v. Peters, 18 So. 496; Talmadge v. Renselaer and S. R. Co. 13 Barb. 493; Ransom v. Shuler, 43 N C. 304; Chase v. Carney, 31 S. W. 43; Wilson v. McElroy, 50 N. W. 55; Tucker v. Bentley, 2 S. W. 769.

Ordinary prudence and diligence do not require a person to test the truth of representations made to him by one as to his own knowledge, with the intention that they should be acted upon. Fargo Gas & Coke Co. v. Fargo Gas & Electric Co., 4 N. D. 219, 59 N. W. 1066. Section 5713, Rev. Codes, 1899.

YOUNG, C. J. The plaintiff sues to recover damages for the breach of a written contract to sell and convey 160 acres of land situated in Grand Forks county. The contract in question was executed by the defendant as agent of the owner, and in her name, but wholly without her authority. The trial was to the court without a jury. Plaintiff was awarded damages in the sum of $3,142.29. The defendant has appealed from the judgment, and demands a review of the entire case in this court.

The defendant admits that he had no authority from the owner to execute the contract in question, and "that at some time he was liable to the plaintiff for this assumption of authority," but claims that whatever cause of action arose in plaintiff's favor for the injury sustained by reason of his assumption of authority is barred by the statute of limitations. The applicability, as well as the sufficiency, of this defense depends entirely upon the character of the defendant's liability and the nature of the plaintiff's cause of action. The questions of fact which are in issue are fully covered by the findings of fact, and the latter are, in our opinion, amply sustained by the evidence. So far as material to a consideration of the questions of law involved, they may be stated as follows: On April 20, 1891, and until the 4th day of March, 1902, one Eugenia A. Tinker, a resident of the state of Connecticut, was the owner of the land in question. On the first-named date, to wit, April 20, 1901, the defendant, Anthony Stonehouse, a resident of Larimore, in the county of Grand Forks, executed and delivered to the plaintiff

a written contract for the sale of said land, in which Eugenia A. Tinker was named as party of the first part, whereby, in consideration of the plaintiff's agreement to deliver to her or her agent 1,900 bushels of wheat at one of the elevators at Niagara, in said county, she agreed to sell and convey said land by a deed of warranty to this plaintiff. By the terms of the contract, payment was to be made by delivering one-half of the wheat grown each year until the entire amount was delivered. The contract was signed by the plaintiff, and the defendant signed the same for his alleged principal in the following form: "Eugenia A. Tinker, per Anthony Stonehouse, Agent." The plaintiff immediately entered into possession under said contract, and in all things fully complied with its terms, delivering the half of the crop each year to the defendant, as agent for the owner, until the fall of 1901, when the delivery was completed, and plaintiff was entitled to a deed. The trial court expressly found that the defendant, "in signing the said contract and doing the acts aforesaid, assumed to act as an agent for the said Eugenia A. Tinker without authority therefor,   *   *   *   *   and, at the time he so signed the same, well knew that he had no authority to sign the same, and, further, that at the time he so signed the said contract he did not believe, in good faith, that he had authority to sign the said contract, and attach thereto the name of Eugenia A. Tinker, by himself as agent, and that defendant did not disclose to plaintiff until July 1, 1901, that the defendant had signed said contract without authority, and that up to the last-named date, at divers times from year to year, said defendant continued to and did represent to and assure plaintiff that he was and had been authorized by the said Eugenia A. Tinker to make the signature aforesaid to the said contract, and to further represent to and assure plaintiff during all that period that, if said plaintiff would remain in possession of said land and comply with the conditions of said contract, he, said defendant, Stonehouse, would see that plaintiff would receive a deed under the contract, and up to July 1, 1901, plaintiff did not know that these assurances and representations of defendant were untrue, nor did plaintiff know that said defendant had signed said contract without authority, and plaintiff believed in said assurances of said defendant at all times, and, on the faith of them, continued to remain in possession of said lands, and go on complying with the terms of said contract, and completing payments thereon, to secure a deed of the said lands, until the fall of 1901." In July, 1901, Eugenia A. Tinker instituted

an action against this plaintiff for the possession of the land upon the ground that Stonehouse had no authority to make the contract in question, and that she had not ratified the same. The defendant, Stonehouse, pursuant to notice from plaintiff, assisted in the defense of that action. Judgment was entered therein on March 4, 1902, requiring the plaintiff to surrender possession to Eugenia A. Tinker. Upon these facts the learned trial judge held that the defendant was liable to the plaintiff upon the contract and for its breach to the same extent that the owner would have been, had she been bound by it; that is, for the value of the land at the time plaintiff was ejected, and, in addition, for the costs which plaintiff incurred in defending the Tinker suit, including a reasonable attorney's fee. We are entirely satisfied with the correctness of this conclusion.

There has been much diversity of judicial opinion as to the character of the liability of one who, without authority, executes a contract in the name of an alleged principal. Three forms of remedy have been recognized by the courts as available to the other party to the contract, each being based upon a distinction in the nature of the liability: (1) An action against the agent upon the contract, as principal in the contract; (2) an action against the agent for damages for the breach of his warranty of authority to execute the contract; and (3) an action for deceit, where the agent has acted in bad faith in his assumption of authority. As we have seen, the trial court placed its judgment upon the first ground. It is conceded that the complaint is broad enough in its allegations to authorize a recovery upon any one of the three grounds, if they are available; and it will be conceded that, if the present action is maintainable upon the first ground (that is, upon the contract against the defendant as principal therein), the statute of limitations is not applicable, for there was no breach of the contract until the owner of the land, the alleged principal in the contract, refused to execute the deed, when, according to the terms of the contract, it was due, in the fall of 1901. In that event the judgment is not assailable. Counsel for defendant contends (1) that, under the great weight of modern authority, the remedy by an action upon the contract is no longer available; and (2) that the party injured is limited to one of the other two remedies—that is, to an action for damages for the breach of warranty of authority, or to an action for deceit—and that as to either the cause of action arose when the defendant signed

and delivered the contract without authority on April 20, 1891, and is therefore barred by the statute of limitations.

Inasmuch as we are agreed that the statutes to which we shall hereafter refer establish the plaintiff's right to recover upon the contract, and sustain the conclusions of the trial court, it will not be necessary to consider whether he also had, as concurrent remedies, the right to sue for breach of warranty of authority or for deceit, and, if he had when his cause of action therefor arose. The earlier cases in this country, especially those in New York, laid down the rule that one who enters into a contract in the name of an alleged principal, but without authority, is liable to third persons upon the contract as principal, and for the reason that it must have been the intention of the parties to bind some one, and, as the principal is not bound, the agent should be. Feeter v. Heath, 11 Wend. 477; Meech v. Smith, 7 Wend. 315; Dusenbery v. Ellis, 3 Johns. Cas. 70, 2 Am. Dec. 144; Rossiter v. Rossiter, 8 Wend. 494, 24 Am. Dec. 62; Palmer v. Stephens, 1 Denio, 471; Walker v. N. Y. State Bank, 9 N. Y. 582. See, also, White v. Madison, 26 N. Y. 117; Mott v. Hicks, 1 Cow. 513, 536, 13 Am. Dec. 550; White v. Skinner, 13 Johns. 307, 7 Am. Dec. 381; Randall v. Van Vechten, 19 Johns, 60, 10 Am. Dec. 193; Underhill v. Gibson, 2 N. H. 352, 9 Am. Dec. 82; Grafton Bank v. Flanders, 4 N. H. 239. The rule of liability thus enunciated in the New York cases first above cited was embodied in the form of a proposed statute by the Field Code Commission of that state, and the same was adopted by the Legislature of Dakota Territory in 1866 as a part of the Civil Code, without change, and has since been, and is now, in force in this jurisdiction. Sections 4342, 4343, Rev. Codes 1899, which establish this doctrine, are identical with those contained in the proposed Field Code, and read as follows:

"Sec. 4342. One who assumes to act as an agent thereby warrants to all who deal with him in that capacity that he has the authority which he assumes.

"Sec. 4343. One who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency in any of the following cases, and in no others: * * * (2) When he enters into a written contract in the name of his principal without believing in good faith that he has authority to do so."

That it was the express purpose of section 4343, subd. 2, supra, to declare the doctrine announced in the earlier New York cases, is

apparent from the commissioner's note appended to subdivision 2 of this section, as well as from the language of the statute itself. See note 2, section 1256, Field's Civil Code of New York; also notes on the same statute in Dearing & Pomeroy's Civil Code of California, section 2343. It does not admit of doubt that plaintiff has a right of action upon the contract against the defendant as principal therein, for the statute just quoted declares in express language that "one who enters into a written contract in the name of his principal without believing in good faith that he has authority to do so"—and that is this case—"is responsible to third persons as a principal." Few, if any, courts have in recent years, when not controlled by statute, followed this rule. Indeed, it seems to have been utterly repudiated both in England and in this country, including New York, where it had its origin. See 1 Chitty on Cont. (11th Ed.) 314; 1 Parsons on Cont. (9th Ed.) 69; Reinhard on Agency, section 307; Wharton on Agency & Agents, sections 532, 533; Mechem on Agency, section 550, and cases cited—from an examination of which it will appear that the modern doctrine undoubtedly is that where the contract is made in the name of the principal, and as his contract, "the agent cannot be held liable upon it, but only for the deceit or breach of warranty." So far as this case is concerned, it may be conceded that the modern doctrine is the better one and that the earlier one is, as many of the cases state, utterly illogical and absurd. With this question, however, we have no present concern, for the Legislature acting within its authority, has plainly declared the earlier rule to be the law in this jurisdiction. Our duty is restricted to expounding and applying it. We may not repeal it or nullify it by evasive interpretation. Furthermore, the Legislature has prescribed the measure of liability of all agents who act without authority. Section 4995, Rev. Codes 1899, declares that "the detriment caused by the breach of a warranty of an agent's authority is deemed to be the amount which would have been recovered and collected from his principal if the warranty had been complied with and the reasonable expenses of legal proceedings taken in good faith to enforce the act of the agent against his principal." The damages awarded by the trial court in this case are clearly within the measure of liability thus declared.

The defendant claims that as early as September, 1893, the plaintiff had knowledge of his want of authority, and, assuming this to be the fact, contends that he cannot recover for damages which

accrued after that date, and that his cause of action for damages accruing prior thereto is barred by the statute of limitations. There is no merit in this claim. What the plaintiff's right would have been in case he had had such knowledge, we do not determine. The case presents no such condition. True, it appears in evidence that the plaintiff was told by one Warren at that time that the defendant did not have authority to execute the contract. But the evidence also shows that the plaintiff immediately inquired of the defendant as to the fact, and was assured by him in most emphatic terms that he had such authority. The plaintiff relied upon this assurance, continued in possession, and completed his payments. Under these circumstances, the defendant will not now be heard to say that his assurance as to the fact upon which the plaintiff relied was false, and should not have been believed. Under the facts of this case, it is clear that plaintiff's cause of action upon the contract arose when he was ejected by the owner, in 1902. See Harris v. Harris, 70 Pa. 170; Richards v. Elwell, 48 Pa. 361.

The conclusions of the trial court meet our full approval, and the judgment will be affirmed. All concur.