SACO DAIRY COMPANY *vs.* THOMPSON NORTON.

York.    Opinion, February 2, 1944.

*William H. Stone,*

*Armstrong & Spill,* for the plaintiff.

*Brooks Whitehouse,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

CHAPMAN, J. The above cause comes to this Court on exceptions by the defendant to the findings of the Justice of the Superior Court sitting without a jury.

The case was submitted to the Justice upon an agreed statement set forth in the bill of exceptions as follows:

"The plaintiff, Saco Dairy Company, is a Maine corporation engaged in the delivery of dairy products. The defendant, Thompson Norton, during the years 1941 and 1942, was manager of a summer hotel at Kennebunkport known as Breakwater Court. Breakwater Court is a large hotel containing about 150 rooms. It was owned during 1941 and 1942 by Kate F. Norton, the defendant's mother, in her individual right. During the summer of 1941 the plaintiff, through one of its officers Gordon F. Ilsley, had a number of interviews with the defendant and as a result sold a substantial amount of dairy products for use in the hotel. At no time was there any discussion between Ilsley and the defendant as to who owned Breakwater Court and Ilsley never charged defendant with personal liability. All bills were rendered by the plaintiff in the name Breakwater Court and the total bill for 1941 was paid by a check signed Kate F. Norton

by R. T. Norton, Atty. During 1942 more dairy products were sold to the hotel and billed to Breakwater Court as before. No discussion was had between any representatives of the plaintiff and the defendant as to who was owner of Breakwater Court. The bills for 1942 were not paid and are the subject of this suit. Kate F. Norton was not at any time during the events described above, registered as owner of Breakwater Court as required by R. S. Chapter 44, Section 5."

We are justified in assuming from the treatment of the subject in the respective briefs that the ownership of the hotel by the defendant's mother, as set forth in the agreed statement, included proprietorship of the business conducted therein.

The sole issue raised between the parties was whether the agency of the defendant was disclosed to the plaintiff. It was not in dispute that the goods were purchased by the defendant for the benefit of a third party, but the plaintiff claims that no disclosure of his agency was made by the defendant at the time of the transaction. The presiding Justice found for the plaintiff.

The defendant contends that "the fact that the particular entity of a trade name is unknown, i.e., whether it is a corporation, partnership or individual does not justify the application of the doctrine of undisclosed principal." In other words, that the use of the name "Breakwater Court" in the purchase of the supplies was a sufficient disclosure of agency by the defendant to avoid personal liability for the payment thereof.

If an agent who negotiates a contract in behalf of his principal would avoid personal liability, the burden is upon him to disclose his agency to the other contracting party. And his disclosure must include not only the fact that he is an agent, but also the identity of his principal. 2 *Am. Jur., Agency*, 404; *Keene v. Sprague*, 3 Me., 77, 80; *Baxter v. Duren*, 29 Me., 434, 50 Am. Dec. 602; *Merriam v. Wolcott, et al*, 3 *Allen* 258, 80

Am. Dec. 69; *Amans v. Campbell,* 70 Minn., 493, 73 N. W., 506, 68 Am. St. Rep., 547; *Ye Seng Co. v. Corbitt and Macleay,* 9 Fed., 423; *Meyer, et al. v. Barker,* 6 Binn. (Pa.) 228; *Cobb v. Knapp,* 71 N. Y., 348, 27 Am. Rep., 51; *Nelson v. Andrews,* 44 N. Y. S., 384; *Danforth and Carter v. Timmerman,* 65 S. C., 259, 43 S. E., 678; *Kelly v. Guess,* 157 Miss., 157, 127 So., 274.

The fact that a contract is negotiated by an agent, under a trade name, is not of itself a sufficient disclosure of his agency. In the *Amans* v. *Campbell* case, one Campbell, who was the manager of a business belonging to his wife, in making a contract in relation to the business, signed "Campbell & Co." without indicating in any way that he did so as agent. It was held that the mere use of the name "Campbell & Co." did not amount to a disclosure of his agency for his wife, Delia Campbell, doing business under the name of "Campbell & Co."

In *Ye Seng Co.* v. *Corbitt and Macleay,* the defendants executed a contract as "Agent for owners of the American Bark Garibaldi of Portland, Oregon." It was held that the identity of the principal was not disclosed.

In *Meyer, et al.* v. *Barker,* the defendant executed a charter party as "Agent for and in behalf of the American Ship Diana, Samuel Holmes, Master." It was held that this was not a disclosure of the principal.

In *Nelson* v. *Andrews,* it was held that the use of the name "Bradford Estate" was not a disclosure of the identity of the principal.

In *Cobb* v. *Knapp,* it was held that the use of the name "Blissville Distillery" was not conclusive as a disclosure of the principal. The Court in that case said: "It is not sufficient that the seller may have the means of ascertaining the name of the principal. If so, the neglect to inquire might be deemed sufficient. He must have actual knowledge. There is no hardship in the rule of liability against agents. They always have it in their own power to relieve themselves, and when they do not, it must be presumed that they intend to be liable."

While the facts set forth in the cases enumerated are not identical with those of the instant case, each of those cases maintains the principle that the use of a trade name is not in itself a sufficient disclosure.

The fact that the defendant was operating the business of a hotel under the name of "Breakwater Court" was at least as consistent with the fact that he was the proprietor as that he was the manager for another. It is common knowledge that a business may be conducted in either of these ways.

Whether a disclosure of agency has been made depends upon the facts and circumstances surrounding the transaction, and, unless only one inference can legally be drawn from the facts, the question is to be decided upon the judgment of the trier of facts, which in this case was the presiding Justice. *Mechem on Agency*, 1422; *Cobb* v. *Knapp*, supra; *Neely* v. *State*, 60 Ark. 66, 28 S. W., 800, 27 *L. R. A.*, 503; *Hurricane Milling Co.* v. *Steel & Payne Co.*, 84 W. Va., 376, 380, 99 S. E., 490, 6 *A. L. R.*, 637.

It is not to be questioned that a trade name may be used under such circumstances that agency will be sufficiently disclosed, and counsel for the defendant suggests transactions with attendant circumstances that would have a tendency to impart knowledge of agency, but in such case a question of fact would be raised which would be determined by the fact-finding tribunal. Counsel also cites the case of *Hess* v. *Kennedy*, 171 N. Y. S., 51, in which it was held that the failure of a clerk or superintendent in a retail clothing store to disclose to a customer that she was not the proprietor, did not render her liable for the price of a garment returned. The decision in no manner disaffirms the principles that we apply in the instant case. The conclusion arrived at in the cited case necessarily resulted from the universally recognized limitations of authority and responsibility of sales clerks in a shop that invites the public to become its customers with the intent on the part of both shop and customer that they will be responsible,

each to the other, for the fulfillment of their respective obligations.

The defendant further claims that by reason of the payment of goods furnished during the previous year by a check signed "Kate F. Norton, by R. T. Norton, Atty." the plaintiff knew of the agency and identity of the principal. This was not, as a matter of law, a disclosure of the agency, nor was it evidence of such probative force that the Justice was bound to consider it conclusive of itself or in connection with other facts submitted. The statement of facts does not disclose that the check came to the knowledge of the official who negotiated the sale of the supplies to the defendant, nor is it disclosed that it ever came to the attention of any official or employee of the plaintiff corporation, the knowledge of whom would bind the corporation. It might well be that the check was received in such routine manner that it had little or no significance on the question of knowledge of the plaintiff. In *Baldwin, et al. v. Leonard,* 39 Vt., 260, 94 Am. Dec., 324, a sale was made by a partnership to an agent whose agency was known by one partner, but not by the one making the sale. It was held that the partnership was not chargeable with knowledge of the agency. Nor would use of such a check be at all conclusive of proprietorship of "Kate F. Norton." It is not uncommon for a person to have a power of attorney to draw upon funds for his own benefit and for purposes in which the owner of the deposit has no interest. It would be entirely consistent with the loaning of money to be drawn as needed by the loanee in carrying on his own business.

The use of the name "Breakwater Court" was not, as a matter of law, a disclosure of the agency of the defendant, and it cannot be said that upon all of the facts presented the Justice was not warranted in finding that there was no such disclosure. The entry must be

*Exceptions overruled.*