Hal ANDERSON, Appellant,

v.

Cole SMITH et al., Appellees.

No. 16648.

Court of Civil Appeals of Texas.

Dallas.

Dec. 31, 1965.

Rehearing Denied Jan. 28, 1966.

Witts & Ewing and Blair Rugh, Dallas, for appellant.

Roy P. Cookston, Dallas, for appellees.

BATEMAN, Justice.

The appellees Cole Smith and Robert Ekblad sued the appellant Hal Anderson for an amount claimed to be due them for architects' services rendered to appellant under a written contract providing for cer-

tain rates of hourly compensation. Appellant defended on the grounds (a) that the alleged contract was not with him but with a Texas corporation known as Hal Anderson, Inc., and (b) that the compensation agreed upon was a fixed fee of $5,000, which had been fully paid. The jury found in response to special issues that: (1) before appellees commenced the preparations of the plans in question Hal Anderson as an individual agreed to pay them for their services on an hourly basis; (2) appellees' services were performed in accordance with the terms of the agreement for Hal Anderson; (3) appellees have not been fully paid under the terms of the agreement; and (4) the amount due them by Hal Anderson was $8,312. Appellees received judgment for this amount. We affirm.

Appellant's four points of error on appeal raise in different ways but one issue: Was it proper for the court to hold him individually liable inasmuch as the contract for the construction of the home was between the owner, Mr. Lay, and the corporation, Hal Anderson, Inc., and appellees received checks signed by "Hal Anderson, Inc."? Appellant contends that the manner of signing these checks was sufficient to put appellees on inquiry which, if pursued, would have revealed that they were working for the corporation, Hal Anderson, Inc., instead of appellant.

The contract sued on is in the form of a letter dated November 30, 1960 from appellees to appellant in which appellees stated: "This is to put on record our discussion * * * concerning the work that we may do for you in the future. This is generally the way we have charged you in the past. Time sheets are kept and the rates are as follows:" (Then follows the statement of a certain hourly rate for members of the firm and a lower hourly rate for draftsmen. The letter then states that appellees will "bill each job separately giving a breakdown of time and materials," and that if this meets with the approval of the addressee he is requested to sign in the space provided below and return to appellees.) Appellant did sign in the space provided, dating it December 2, 1960, and returned the letter to appellees. Nearly a year later, in the fall of 1961, appellant requested appellees to prepare certain sketches and plans for a luxury residence which appellant hoped to build for one Herman Lay. Preliminary sketches were made and the appellee Cole Smith met with appellant and Mr. Lay, and later went with appellant to Mr. Lay's former home in Atlanta, Georgia, and furnished such additional detailed plans and specifications as appellant requested, and even furnished to appellant a printed form of contract for the construction of the home, which contract form was filled in and signed by Mr. Lay and "Hal Anderson, Inc." This was dated March 12, 1962, but it was not shown that either of the appellees ever actually saw the contract after it was signed or actually knew that it had been signed by Hal Anderson, Inc., until after the building had been completed. Under dates of April 27, 1962, May 14, 1962 and July 11, 1962 appellees addressed statements or bills to "Mr. Hal Anderson" for services in connection with the plans for the Lay residence, including the preliminary design and survey and the first and second portions of working drawings. The total of these bills was $5,000. A previous statement was dated February 16, 1962, covering certain expenses totaling $157.12, which is addressed on the typewriter to "Mr. Hal Anderson" after which someone wrote with pen and ink the abbreviation "Inc." It is not shown who wrote this nor when it was written. Appellees received three checks, one dated April 2, 1962 for $157.12, one dated April 27, 1962 for $2,000 and the other dated May 15, 1962 for $1,750, all of which checks bear the maker's name in print as "HAL ANDERSON, INC." followed by individual handwritten signatures. These checks all bear appellees' endorsements by rubber stamp "For deposit only." It was not shown that either of the appellees ever saw these checks or knew how they were signed.

Appellant concedes that until such time as appellees received the checks in April and May 1962, as an agent for an undisclosed principal he was personally bound by the contract, but contends that after appellees had actual knowledge of his agency, or were put upon inquiry which if pursued would have revealed such agency, only the corporation was liable.

Some of the well established rules of law applying to this situation are as follows:

■ Unless the parties have agreed otherwise, a person making or purporting to make a contract with another as agent for a disclosed principal is not himself a party to the contract and is not liable thereon. Restatement, Second, Agency, § 320. However, if he purports to act on his own account, but is in fact contracting on account of an undisclosed principal, or even if it be known that he is acting as an agent but the identity of his principal remains undisclosed, the agent is a party to the contract and is personally bound thereby. Restatement, Second, Agency, §§ 321, 322; Dodson v. Peck, Tex.Civ.App., 75 S.W.2d 461, wr. dism.

"If the agent would avoid personal liability, the duty is on him to disclose his principal; it is not upon the party with whom the agent deals to discover the principal." 3 Am.Jur.2d, Agency, p. 674, § 317.

■ The agent is not relieved from personal liability merely because the person with whom he dealt had a means of discovering that the agent was acting in a representative capacity. "Knowledge of the real principal is the test, and this means actual knowledge, not suspicion." Ell Dee Clothing Co. v. Marsh, 247 N.Y. 392, 160 N.E. 651.

"It is not sufficient that the seller may have the means of ascertaining the name of the principal. If so, the neglect to inquire might be deemed sufficient. He must have actual knowledge. There is no hardship in the rule of liability against agents. They always have it in their own power to relieve themselves, and when they do not, it must be presumed that they intend to be liable." Cobb v. Knapp, 71 N.Y. 348, 27 Am.Rep. 51, quoted with approval in Saco Dairy Co. v. Norton, 140 Me. 204, 35 A.2d 857, 150 A.L.R. 1299, 1301.

■ "If an agent who negotiates a contract in behalf of his principal would avoid personal liability, the burden is upon him to disclose his agency to the other contracting party. And his disclosure must include not only the fact that he is an agent, but also the identity of his principal." Saco Dairy Co. v. Norton, supra. In that case it was also held that the giving to the plaintiff of a check signed with the undisclosed principal's name by the agent did not in itself put the plaintiff on notice of the agency, the court saying: "This was not, as a matter of law, a disclosure of the agency, nor was it evidence of such probative force that the Justice was bound to consider it conclusive of itself or in connection with other facts submitted. * * * It might well be that the check was received in such routine manner that it had little or no significance on the question of knowledge of the plaintiff." (Quoted with approval in Howell v. Smith, 261 N.C. 256, 134 S.E. 2d 381, 385.)

■ Applying these well settled principles of law to the facts of this case leads us to the inescapable conclusion that, since it was never established that appellees had actual knowledge that appellant was acting as agent for the corporation, if in fact he was, appellees were entitled to recover from appellant the amounts earned by them under the schedule of hourly rates of pay agreed upon between them.

Some Texas authorities recognize that circumstances may exist which would put the person with whom the agent is dealing on "notice of inquiry of the existence of a principal." Veazie v. Beach Plumbing & Heating Co., Tex.Civ.App., 235 S.W. 695, no wr. hist.; Johnson v. Armstrong, 83

Tex. 325, 18 S.W. 594. However, we hold that no such circumstances were present in this case.

All of appellant's points of error are therefore overruled.

Appellees present two cross-points in which they claim the trial court erred in refusing to award them a reasonable attorney's fee under Vernon's Ann.Civ.St., Art. 2226. They had included a plea therefor in their suit, but offered no evidence as to what a reasonable fee would be. Their brief concludes with a prayer that the judgment be affirmed, not that it be reversed. As we have decided to affirm the judgment, it is not necessary for us to pass on these cross-points.

The judgment, being correct, is

Affirmed.