## HARMONY TEXTILES, Inc. v. BASHA.
No. 184455.

Small Claims Court, Dade County.

October 28, 1969.

Turner, Hendrick, Fascell, Guilford, Goldstein & McDonald, Boyce F. Ezell, III, of counsel, Coral Gables for plaintiff.

Edward Walterman, South Miami, for defendant.

SIDNEY L. SEGALL, Judge.

Final judgment is rendered in favor of the plaintiff in the sum of $540.51 plus interest and $20.41 court costs.

The evidence is legally sufficient to establish liability on the part of the defendant, Henry Basha.

The court has given careful consideration to the problem presented herein after extensive research of the question of law involved.

Liability of the defendant herein must be determined by the general principles governing the liability of an agent of an undisclosed principal.

Under the applicable rule a party who acts as agent without a sufficient disclosure of his agency and the identity of his principal becomes personally liable for contractual obligations so incurred.

The general principle is well stated in 3 Am. Jur. 2d, Agency, §317, in part —

> One who acts as agent for another in making a contract is individually liable thereon if, at the time of making the contract, he fails to disclose his agency and the identity of his principal, regardless of whether or not he was authorized as agent to execute the contract. In such case, the agent is subject to all the liabilities, express or implied, created by the contract, in the same manner as if he were the principal in interest. *If the agent would avoid personal liability, the duty is on him to disclose his principal; it is not upon the party with whom the agent deals to discover the principal.* There is no hardship in this rule of liability against agents who do not disclose their principals; they always have it in their power to relieve themselves from such liability, and when they do not, it must be presumed that they intend to be liable. (Italics added.)

The problem involving an agent's personal liability is treated in an annotation in 159 A.L.R. 1303, et seq.

In Saco Dairy Co. v. Norton, Me., 35 A.2d 857, 150 A.L.R. 1299, the Maine Supreme Judicial Court, upholding the personal liability of an agent, stated —

> The defendant contends that "the fact that the particular entity of a trade name is unknown, i.e., whether it is a corporation, partnership or individual does not justify the application of the doctrine of undisclosed principal." In other words, that the use of the name "Breakwater Court" in the purchase of the supplies was a sufficient disclosure of agency by the defendant to avoid personal liability for the payment thereof.

> If an agent who negotiates a contract in behalf of his principal would avoid personal liability, the burden is upon him to disclose his agency to the other contracting party. And his disclosure must include not only the fact that he is an agent, but also the identity of his principal . . .

> *The fact that a contract is negotiated by an agent, under a trade name, is not of itself a sufficient disclosure of his agency* . . . (Italics added.)

> The defendant further claims that by reason of the payment for goods furnished during the previous year by a check signed "Kate F. Norton, by R. T. Norton, Atty.," the plaintiff knew of the agency and identity of the principal. This was not, as a matter of law, a disclosure of the agency, nor was it evidence of such probative force that the Justice was bound to consider it conclusive of itself or in connection with other facts submitted. The statement of facts does not disclose that the check came to the knowledge of the official who negotiated the sale of the supplies to the defendant, nor is it disclosed that it ever came to the attention of any official or employee of the plaintiff corporation, the knowledge of whom would bind the corporation. It might well be that the check was received in such routine manner that it had little or no significance on the question of knowledge of the plaintiff . . . (citing authorities)

The credible evidence discloses that plaintiff (seller) dealt with the defendant, Henry Basha, at all times material to the transaction involved herein. The letters in evidence (plaintiff's exhibits 5 and 6), signed by defendant, Basha, on behalf of Boulevard Fabrics, wherein said Defendant promised payment, did not constitute a sufficient disclosure of an agency relationship to avoid personal liability. The letters, purportedly signed by the defendant, Henry Basha, on behalf of "Boulevard Fabrics, Inc.", a non-existent corporation do not reveal the proper identity of the undisclosed principal as required by the applicable rule of law.

Moreover, the defendant testified that a corporation by the name of "Interiors by Ricky, Inc." was the owner and operator of the business under the fictitious name of "Boulevard Fabrics". The fact that the Defendant Basha was operating the business by or through a corporation was disclosed at the time of the trial for the first time.

The evidence (plaintiff's exhibit #9) further reveals that "Interiors by Ricky, Inc." was a corporation in existence legally since February 20, 1967, and that the defendant, Henry P. Basha, was president of said corporation. The purchase of fabrics from the plaintiff was made in April, 1967 (plaintiff's exhibit #1), and at no time prior to the trial did the defendant Basha disclose that he was acting in a representative capacity.

On the basis of the foregoing findings, and under the above cited applicable law, defendant, Henry P. Basha, is personally liable in the amount sued plus interest and costs.