## A. A. JOHNSON V. ARMSTRONG & MESSER.

### No. 3237.

**Agent Contracting for Principal When Not Bound.**—Johnson was president and financial agent of Fort Worth University, a corporation. At his request Armstrong & Messer, architects, prepared a plan and specifications for a college building. Johnson did not expressly promise to pay. The architects knew that the plans, etc., were for a school, college, or university building. They sued Armstrong for the value of their services. The plaintiffs recovered, and on appeal, *held:* It clearly appears that plaintiffs knew that the building was intended for a public and not for a private purpose. There was in fact such a corporation, and the circumstances were sufficient to put plaintiffs upon inquiry. The inquiry that it was their duty to make would have developed a responsible principal. The principal being practically disclosed the agent was not liable, not having bound himself personally.

APPEAL from Tarrant. Tried below before Hon. R. E. BECKHAM. The opinion states the case.

*Stanley, Spoonts & Meek,* for appellant.—1. It was the duty of plaintiffs to know or learn the true legal status of the parties with whom they were dealing and for whose benefit the services were to be rendered, and their true legal relations to the subject matter and to each other; and plaintiffs are charged with notice of all facts of which they were put upon inquiry. Crane v. Baudouine, 55 N. Y., 261; Hunt v. Scammon, 3 Scam. (Ill.), 179.

2.   The mere fact that valuable services are rendered does not raise a liability on the part of him for whom they were rendered, even though at his request, if the circumstances are such as to rebut the inference that compensation was expected or promised to be received or paid.   Wood's Mast. and Serv., sec. 65; Palmer v. Haverhill, 98 Mass., 487; Topping v. Swords, 1 E. D. Smith (N. Y.), 609; Buck v. Amidon, 41 How. Pr. (N. Y.), 376; Nourry v. Lord, 2 Keyes (N. Y.), 617.

3.   If appellees had full knowledge of the fact that the plans were not for the individual benefit of appellant, or had notice of facts sufficient to put them upon inquiry as to the legal status of appellant in requesting said services, and that appellant did not intend, and used no express words importing his intention, to assume personal responsibility, then he is not liable.   Mech. on Ag., secs. 546, 555, 556; Story on Ag., secs. 265, 287; Whitney v. Wyman, 101 U. S., 392; Ogden v. Raymond, 22 Conn., 379; Hall v. Huntoon, 44 Am. Dec., 332; Duncan v. Niles, 32 Ill., 534.

That the principal was a foreign corporation does not alter the principle:   Mech. on Ag., sec. 556; Oelricks v. Ford, 23 How. (U. S.), 49; Maury v. Ranger, 38 La. Ann., 485.

4.   When a contract is made by a known agent for the benefit of a known principal, and does not bind himself by express words, the presumption is that he intends to bind only his principal.

*Field, West & Smith,* for appellees.—1. Where the defendant is sued individually, and seeks to defend on the ground that he made the contract as agent for another, and is therefore not liable in the action, the burden of proof is on him to show not only that he was acting as said agent in the contract, but to inform the other party that he was so acting, and disclose to such other party the name of the principal for whom he was acting.   1 Ct. App. C. C., sec. 197; Sydnor v. Hurd, 8 Texas, 98.

2.   The liability of agents who contract in their own name, and who will not disclose the name of the principal, is fixed by law and can not be altered by custom.   Davie v. Lynch & Blakely, 1 Ct. App. C. C., sec. 696; Sydnor v. Hurd, 8 Texas, 98.

HENRY, ASSOCIATE JUSTICE.—Appellees as partners sued appellant for the value of professional services rendered as architects at appellant's request in the preparation of plans and specifications for a university building and college to be erected at Fort Worth, Texas, alleging the value of such services to be $1500.   Defendant claimed that he was at the time president and financial agent of the Fort Worth University, a corporation duly incorporated for educational purposes, which was solvent and responsible, and contemplating the erection of said building; that appellees desired to submit to him as agent of said

corporation, said plans, etc., with the hope and purpose of being employed to superintend the construction of said building, if such plans were adopted, as is usual in such cases; that he never assumed nor intended to become individually responsible to appellees for the work done or to be done by them, and never promised to pay them anything for their services; that the plans were not adopted, and the work was not requested nor done for him as an individual.

The cause was tried without a jury and a judgment was rendered for plaintiffs.

It appears from undisputed evidence, that the Fort Worth University was a corporation, and that the defendant was its president and financial agent; that Johnson requested plaintiffs to do the work which is the foundation of their claim; that they performed it, and that their services were reasonably worth the sum for which judgment was rendered in their favor.

There is no evidence that Johnson bound himself expressly to pay plaintiffs for their work. The evidence of plaintiffs relating to this issue was substantially as follows:

"I knew the defendant was financially responsible, and plaintiffs looked to him for the pay for our work. I knew nothing about the Fort Worth University—whether it was a corporation or not. I knew that the building for which we were preparing plans was to be a school or college building. I had heard that defendant had something to do with the college, and I believed that he was having the plans made for a building to be used as a college or university building, but the church, and college, and university, nor anything, had anything to do with the work we did. We did that for Dr. Johnson, the defendant. Plaintiffs would not have done the work if they had not known or believed that defendant was to pay for it. We knew that he was a thoroughly responsible man financially, and we gave credit to him, because we believed from what transpired between us that he was responsible to us for the same. I do not know that defendant said expressly that he would pay for the plans, but he ordered the work done and said nothing about any one else paying for it."

In Buck v. Amidon, 41 Howard's Practice Reports, 378, the law upon the subject was stated in a quotation from an opinion by Lord Kenyon, in the following language: "If the mere act of ordering goods was to make the party who ordered them liable, no man could give an order for a friend in the country, who might request him to do it, without risk to himself. If a party orders goods from a tradesman, though in fact they are for another, if the tradesman was not informed at the time they were for the use of another, he who ordered them is certainly liable, for the tradesman must be presumed to have looked to his credit only. * * * But whenever an order is given by one person for another, and he informs the tradesman who the person is for

whose use the goods are ordered, he thereby declares himself to be merely an agent, and there is no foundation for holding him to be liable." Ogden v. Raymond, 22 Conn., 379.

In verbal contracts, "if the agent does not disclose his agency and name his principal, he binds himself personally." Ewell's Evans on Agency, p. 414, note 1.

If Johnson had a principal capable of being bound, and whom he had authority to bind by the contract, and if the contract was about the business of the principal and such facts were known to the plaintiffs, then, as Johnson did not expressly bind himself, it must be held to be the contract and debt of his principal, for which he is not responsible. It clearly appears that plaintiffs knew that the building was intended for a public and not for a private purpose. The evidence does not in so many words show that they knew that the building was to be constructed by an existing corporation so as to apprise them that Johnson had a principal capable of being bound by the contract. But it does show that there was in fact such a corporation and principal, and the circumstances that were known to plaintiffs were sufficient to put them upon inquiry. The inquiry that it was their duty to make, under the circumstances of this case, would have developed a responsible principal, and it is difficult to conclude that plaintiffs did not have actual knowledge that they were dealing with a corporation, notwithstanding the fact that they did not at the time of making the contract inquire for or get that information from Johnson, the agent.

It is unnecessary for us to enumerate here all of the circumstances of the transaction leading to this conclusion, or all of the reasons upon which we predicate it.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered February 12, 1892.