### D. H. L. HUNTER v. ADOUE & LOBIT.

#### Decided March 22, 1905.

**1.—Lease by Agent—Undisclosed Principal—Right to Sue Upon.**

Where a lease of realty was made to defendant by plaintiffs as "lessors, agents of the S. heirs," without any other reference to such heirs, it bound plaintiffs personally as lessors and agents of an undisclosed principal, and they could maintain suit thereon in their own name and right to recover rents and possession of the premises at the expiration of the lease.

**2.—Same—Sequestration.**

In such an action plaintiffs were authorized to make the affidavit and bond for a writ of sequestration, and the writ having been quashed without

lawful reason appearing, there was no error in refusing to permit the lessee, under his plea in reconvention, to prove damages claimed for wrongfully suing out the writ.

**3.—Assignment of Error—Sequestration.**

Assignment of error complaining of the action of the court in sustaining exceptions to the petition and in quashing a writ of sequestration will not suffice to present error in taxing the complainant with the costs of the sequestration.

Appeal from the District Court of Galveston. Tried below before Hon. Frank M. Spencer.

*S. S. Hanscomb,* for appellant.—The allegations contained in plaintiffs' petition show that plaintiffs have no interest in the property described therein and sequestered by plaintiffs, and that plaintiffs are not entitled to sue. Birmingham v. Griffin, 42 Texas, 147, 148; Hooper v. Hall, 30 Texas, 154, 156; Hooper v. Hall, 35 Texas, 82, 83; Snyder v. Nunn, 66 Texas, 255, 257; Dangerfield v. Paschal, 20 Texas, 536, 551, 552; Grimes v. Hobson, 46 Texas, 416, 419; Smith v. Olsen, 44 S. W. Rep., 874; 1 Taylor on Landlord and Tenant (9th ed.), secs. 138, 139, 140.

*James B. & Charles J. Stubbs,* for appellees.—1. In a suit by a landlord against his tenant he need not allege title to the premises. The allegation of lease is sufficient, and when he produces his lease the defendant is estopped to call the lessor's rights in question. Tyler v. Davis, 61 Texas, 676; Tiernley v. Bank, 54 Texas, 452; Juneman v. Franklin, 67 Texas, 415; Juneman v. Franklin, 67 Texas, 411; McKie v. Anderson, 78 Texas, 209; Andrews v. Parker, 48 Texas, 99; Tyler v. Davis, 61 Texas, 674; Frazier v. Moore, 11 Texas, 760.

2. The mention of plaintiffs in their petition as agents of the St. Cyr heirs may be treated as descriptio personae, and there was no variance between the plaintiffs' allegations and the lease, as plaintiffs had the right to sue in their individual capacity. Frazier v. Moore, 11 Texas, 760; Rider v. Duval, 28 Texas, 622; Gayle v. Ennis, 1 Texas, 184; Wilson v. Hall, 36 S. W. Rep., 329; Roundtree v. Stone, 81 Texas, 299; Groce v. Herndon, 2 Texas, 410; Butler v. Robertson, 11 Texas, 143.

JAMES, CHIEF JUSTICE.—The original petition of Adoue & Lobit alleged a lease of certain real property in Galveston, as made by them to appellant. The lease, which was made a part of the petition, read: "This contract, made and entered into the 23d day of December, 1902, between Adoue & Lobit, a firm composed of B. Adoue and J. Lobit, lessors, agents of the St. Cyr heirs, of Galveston County, Texas, of the first part, and D. H. L. Hunter, lessee, of Galveston County, Texas, of the second part, witnesseth: (1) The parties of the first part lease to the party of the second part, for the period of one year, commencing 1st day of January, 1903, ending the 31st day of December, 1903, the following described property," etc. Then follows a description of the property; a stipulation by defendant to pay the parties of the first

part the annual rent of $900, payable as follows: $225 paid then in cash, the balance to be paid in certain installments during the year; a stipulation for right of the parties of the first part to reenter, without prejudice to other remedies, should there be at any time default in the payment of any rent due, or in any of the covenants of the lease. Then follows other provisions common in leases and not necessary to be stated.

The petition alleged the expiration of the lease on December 31, 1903, defendant's refusal to quit and surrender the premises to plaintiffs, and that plaintiffs are entitled to the possession thereof as agents for the owners and in accordance with the terms of the lease; also alleged damage for defendant's failure to surrender the possession, and a case for sequestration. It prayed for a writ of sequestration and for judgment for possession, for damages, rent, value of the use and occupation, etc. The court, upon motion, quashed the sequestration.

Upon exceptions being sustained to the petition, plaintiffs filed this trial amendment: "Now come plaintiffs, and, with leave, file this, their trial amendment, and allege that they sue for themselves only, and, as plaintiffs, show that they are entitled to the possession of the property described in the lease as lessors, and possessors thereof prior to said lease, and that defendant has attorned to them, and they show that their damages sustained by defendant's holding over, and now allege, are the loss of the reasonable rents and value of the use and occupation of said premises since the expiration of the lease, to wit, $125 per month, and interest thereon, and costs, for all which, and for general relief, plaintiffs pray judgment.

"Jas. B. and Chas. J. Stubbs, Attorneys for Plaintiffs."

The pleadings of defendant will be stated in the course of this opinion where it may be necessary. The judgment was in favor of appellees. The first assignment of error complains of the overruling of exceptions to the pleadings of plaintiff, including the trial amendment. The point sought to be presented must be gathered from the following paragraphs of the assignment: "(a) The allegations contained in plaintiffs' petition show that plaintiffs have no interest in the property described therein and sequestered by plaintiffs, and that plaintiffs are not entitled to sue. (b) Because it appears from the petition that Adoue & Lobit are not the owners of the property, possession of which is sued for, but it appears, from plaintiffs' allegations, that the St. Cyr heirs are such owners, or entitled to the possession thereof, and that plaintiffs have no right to bring this suit. (c) Because it does not appear from said petition that plaintiffs have any cause of action against this defendant or any interest in the subject matter of the suit, and that said suit should be dismissed. (d) Because the trial amendment does not remove the objectionable elements of allegations in said petition complained of, exceptions to which were submitted by the court. (e) That said trial amendment does not show in what capacity the said Adoue & Lobit now sue or undertake to maintain this suit, and the trial amendment does not allege or show that said Adoue & Lobit sue as owners or as lessors. (f) Because said trial amendment is insufficient, and it does not allege or show how or by what authority

or in what way plaintiffs are entitled to the possession of the property sued for. (g) Because said trial amendment is vague, indefinite and uncertain."

We are of opinion that Adoue & Lobit had the right to prosecute this action based upon the lease. The contract was made with the plaintiffs. They are named therein as the lessors. It is very evident, from the language of the lease, that defendant was not dealing with the St. Cyr heirs, but with plaintiffs.

It is true that there is mention in the instrument that the lessors were agents of St. Cyr heirs, the owners of the property. As it is worded this may well be taken as merely *descriptio personae.* However this may be, two things are quite clear from it, viz: (1) that it names Adoue & Lobit as the lessors; (2) if they be deemed as entering into it in the capacity of agents, then it does disclose the principals. What is disclosed by "the St. Cyr heirs?" This does not name nor designate the owners of the land. If defendant had supposed he was to look to the St. Cyr heirs in matters arising in reference to this transaction, he certainly would have the contract identify them, so that, at least, he would have known who they were. The contract left him as much in the dark in this respect as if it had described Adoue & Lobit merely as agents. It is clear that he was dealing with plaintiffs, and that the contract was so drawn. Under this contract defendant could have looked to plaintiffs personally for redress for violation of his rights under the lease.

We may quote here from Good v. Rumsey (63 N. Y. Supp., 981): "The rule is settled in this State that an agent makes himself liable if he contracts in his own name, and without disclosing the name of his principal; and this is so although the person contracting with the agent knew that he was acting as agent, if the name of the principal is not disclosed. As was said by Chief Judge Church, in Cobb v. Knapp (71 N. Y. 352): 'It is not sufficient that the seller may have the means of ascertaining the name of the principal. If so the neglect to inquire might be deemed sufficient. He must have actual knowledge. There is no hardship in the rule of liability against agents. They always have it in their own power to relieve themselves, and when they do not it must be presumed that they intend to be liable.'"

For these reasons we conclude that Adoue & Lobit were personally responsible upon the contract to defendant. It was their contract, not only because the contract named them as the lessors, but because it was a case where the contract did not disclose their principal, and it clearly shows defendant was dealing with and looked to them.

The rule is well expressed in Rhoades v. Blackston (106 Mass., 335): "It is a well-established rule of law that, when a contract is made with an agent in his own name for an undisclosed principal, either the agent or the principal may sue upon it. If the agent sues, it is no ground of defense that the beneficial interest is in another, or that the plaintiff, when he recovers, will be bound to account to another. There is an additional reason for giving this right to the agent when he has a special interest in the subject matter, or a lien upon it. But the rule prevails when the sole interest under the con-

tract is in the principal. The agent's right is, of course, subordinate to and liable to the control of the principal to the extent of his interest. He may supersede it by suing in his own name, or otherwise suspend or extinguish it, subject only to the special right or lien which the agent may have acquired."

We think it was immaterial whether plaintiffs sued as agents or as individuals, for, so far as the defendant was concerned under this contract, there was no substantial matter involved in the difference. However, we have no doubt whatever of plaintiffs' right to prosecute the action in the capacity shown in the trial amendment.

This effectually disposes of all of appellant's assignments, except the fourth, which is, that the court erred in not allowing defendant to prove the damages he had alleged in a plea of reconvention for the wrongful suing out of the writ of sequestration, which, as already stated, the court had quashed for the reasons that the original petition (which embodied the application for the writ) showed that plaintiffs had no interest in the property—that they were not the owners of the property—but, on the contrary, it appeared therefrom that the St. Cyr heirs were the owners, and entitled to possession, and because the bond was given by Adoue & Lobit, and the application and affidavit was not sworn to by anyone as agent for the owner, nor by anyone interested in the property, nor by anyone authorized by the statute to do so.

The petition was sworn to by B. Adoue. The bond was given by B. Adoue and J. Lobit and their sureties. According to the views we have expressed, Adoue & Lobit were entitled to prosecute this action. The original petition was brought really by them. The affidavit and bond was properly made by them. We recognize, in the motion to quash the writ, no ground that should have been sustained. Under these circumstances we fail to see any error in refusing to allow defendant to prove damages for wrongful sequestration.

Appellee has briefed two cross-assignments of error. The statute requires such assignments to be filed in the District Court when appellees' brief is there filed, to entitle them to be considered here. We have held that when the appellee files a brief in the District Court which contains his cross-assignments, this is a sufficient compliance with the statute and rule on the subject. But in this instance appellees had an agreement waiving the filing of their briefs in the District Court, and contend that this necessarily waived the filing of cross-assignments there. We doubt this. But, if it should be held that the contention is a good one, these cross-assignments should nevertheless be overruled. They go no further than to complain of the court's action in sustaining defendant's exceptions to the original petition, and in sustaining defendant's motion to quash the sequestration proceedings. Nothing else is assigned. It seems that the costs of the sequestration were adjudged against appellees, and this ruling is what they seek to complain of under their said assignments. This is not a matter referred to or dealt with by the assignments, and therefore it can not be entertained. Affirmed.

*Affirmed.*

Writ of error refused.