WOOD et al. v. SMITH.

(Court of Civil Appeals of Texas. Galveston. March 3, 1914.)

1. HOMESTEAD (§ 96*)—VENDOR'S LIEN—LIABILITY.

Neither a vendee nor his grantee can acquire homestead rights as against a vendor's lien reserved in a note given by the purchaser for part of the price.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 147–153; Dec. Dig. § 96.*]

2. HOMESTEAD (§ 96*)—DEED OF TRUST.

Where a deed of trust was executed as additional security for the payment of a vendor's lien note, it was not avoided by the fact that the property was used by the purchaser and his wife as a homestead on the day the deed was executed and delivered.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 147–153; Dec. Dig. § 96.*]

3. VENDOR AND PURCHASER (§ 231*)—NOTICE—INNOCENT PURCHASER.

Where a deed of trust was executed as further security to a vendor's lien note, and, the purchaser having made default, the trustee executed a deed pursuant to a sale to the beneficiary, which was on record when the original

purchaser conveyed the land to another, the latter was charged with notice of the trustee's foreclosure deed, and was not an innocent purchaser for value.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 43, 55, 487, 513–539; Dec. Dig. § 231.*]

4. SUBROGATION (§ 23*)—DISCHARGE OF INCUMBRANCE.

W. and wife purchased vacant property for $1,475, and executed a vendor's lien note for $1,450; it being agreed that $1,100 was to represent the cost of a house to be constructed by a contractor selected by the purchasers, for which the vendor was to pay. The purchasers executed to the contractor a mechanics' lien and, after the house was built, occupied the same as their home. The $1,100 was paid by the vendor, and the purchasers executed a deed of trust to the vendor as further security for the payment of the original note, but the mechanics' lien contract was never assigned to the vendor. *Held*, that the deed of trust was a valid lien, and the vendor was entitled to subrogation to the rights of the contractor under the lien contract, without reference to its assignment.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 60–66; Dec. Dig. § 23.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Trespass to try title by Brooke Smith against G. L. Wood and others. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 141 S. W. 795.

J. P. Parris, of Houston, for appellants.

PLEASANTS, C. J. This is an action of trespass to try title brought by appellee against the appellants G. L. Wood and wife, Edna Wood, to recover title and the possession of lot No. 4 and the south half of lot No. 3 in block No. 29 of Brooke Smith addition to the city of Houston. At the time the suit was filed, a writ of sequestration was sued out by plaintiff, and the property taken in possession by the sheriff thereunder, but it was subsequently replevied by the defendants. The defendants answered by general and special exceptions and plea of not guilty, and also specially pleaded outstanding title in Robert C. Maes. They further, by cross-action, sought to recover damages against the plaintiff for wrongfully sequestrating the property.

This is the second appeal of this cause. On the former appeal a judgment of the court below in favor of plaintiff was reversed, and the cause remanded. Vide Wood v. Smith, 141 S. W. 795. After this judgment of reversal was rendered, and before the trial from which this appeal is prosecuted, defendants Wood and wife conveyed the property to John Bowerman and wife, Addie Bowerman. By an amended petition Bowerman and wife were made parties defendant. These defendants answered by plea of not guilty. The trial in the court below without a jury resulted in a judgment in favor of plaintiff against all of the defendants for the land in controversy and for the sum of $450 rents.

No statement of facts has been brought up with the record, but the trial judge, at the request of appellants, filed conclusions of fact and law. The material facts found by the trial judge are as follows:

"On the 8th day of April, 1907, the plaintiff Brooke Smith who was then the owner of and in the possession of the above-described property herein sued for, same being then vacant property, by his general warranty deed of said date conveyed said property to defendants G. L. Wood and Edna Wood for the sum of $1,475, of which consideration the sum of $25 was cash paid, and the remainder evidenced by one promissory vendor's lien note, of even date, for the sum of $1,450, bearing 8 per cent. interest, payable annually, the principal of said note payable in installments of $25 each, one payable each month on the 8th day of month; payment of said note being secured by vendor's lien on the premises conveyed by the plaintiff, Brooke Smith.

"At the time of said sale and conveyance it was agreed and understood by and between the plaintiff, Brooke Smith, and the defendants G. L. Wood and wife that for the above consideration of $1,475 the plaintiff, Brooke Smith, should build for the defendants Wood and wife a residence upon said premises to cost $1,100; it being in their contemplation that Brooke Smith should not himself build said house, but that the same should be built by some contractor to be selected by said defendants, they to execute a mechanic's lien upon said property to said contractor so selected, and the said mentioned sum therefor to be paid for by the plaintiff, Brooke Smith. Thereafter, on the 9th day of April, 1907, the defendants Wood and wife selected a contractor to build said residence, to wit, R. G. & E. I. Brunson, and executed and delivered to said Brunsons a mechanic's lien upon said property to secure said $1,100; said mechanic's lien being regular in form and duly acknowledged in accordance with law by both G. L. Wood and Edna Wood. Said residence was built upon said premises by said Brunsons, in accordance with the terms of their said contract, whereupon Wood and wife occupied the same as their home. No part of said $1,100 for the building of said premises was ever paid or intended to be paid by defendants Wood and wife; but the plaintiff, Brooke Smith, in accordance with said agreement and understanding between himself and the defendants Wood and wife, paid to said Brunsons the whole of said contract price of $1,100 for the building of said residence, whereupon the defendants Wood and wife executed their deed of trust, dated May 11, 1907, properly acknowledged according to law by both, conveying said property to George V. Archer, trustee, for the use and benefit of plaintiff, Brooke Smith, as further security for the payment of said $1,450 note, they at said date occupying the same as their

home, which said deed of trust was duly placed of record on the 18th day of December, 1907. No assignment of said mechanic's lien was ever made from the said Brunsons to the plaintiff, Brooke Smith.

"Defendants Wood and wife made default in several payments on said note prior to the month of October, 1909, and they made default in all payments due thereon subsequent to said month of October, 1909, whereupon Brooke Smith, after total default on said note according to its terms, duly requested said trustee, Archer, to make sale of said property under said trust deed, and the property was regularly advertised for sale, offered for sale, and sold by said trustee, in accordance with the terms of said trust deed, on the first Tuesday in February, 1910, and said trustee thereupon executed proper deed therefor to plaintiff; said deed being dated February 5, 1910, and was duly placed of record in record of deeds for Harris county, Tex., on the same day.

"No sum of money was tendered into this court, nor offer to do equity made by any of the defendants in this cause. The rental value of said premises, as agreed upon by the parties, plaintiff and defendants, is $12.50 for each and every month during the pendency of this suit."

Upon these facts the learned trial judge based the following conclusions of law:

[1] "The vendor's lien and superior title to said premises having been reserved by the plaintiff, Brooke Smith, in his conveyance of said property to the defendants G. L. Wood and Edna Wood, husband and wife, to secure the payment of said mentioned note of $1,450, the said superior title thereto remained in him until said note was fully paid and satisfied, and no title as against his superior title thus reserved passed to either the defendants G. L. Wood and wife, or John Bowerman and wife, and they could claim no homestead rights as against same. Jackson v. Ivory, 30 S. W. 716, 718; Wright v. McCampbell, 82 Tex. 388, 18 S. W. 706; Jones v. Male, 26 Tex. Civ. App. 181, 62 S. W. 827; Bayless v. Standard Savings & Loan Ass'n, 39 Tex. Civ. App. 353, 87 S. W. 872; Interstate Bldg. & Loan Loan Ass'n v. Goforth, 94 Tex. 259, 59 S. W. 871; Kalteyer v. Mitchell, 110 S. W. 462; Honaker v. Jones, 102 Tex. 132, 113 S. W. 748.

[2, 3] "The deed of trust mentioned, executed as additional security for the payment of the purchase money vendor's lien note, is not avoided merely by the fact that the property was used as a home upon the date on which the deed of trust was executed and delivered, and, upon due sale thereunder by the trustee in the deed of trust, title to said property passed to the purchaser, the plaintiff, Brooke Smith (Interstate Bldg. & Loan Ass'n v. Goforth, supra; Kalteyer v. Mitchell, supra), and, the deed to said purchaser being

upon record at the date of the deed from Wood and wife to Bowerman and wife, no title passed to them, nor could they be innocent purchasers of the property for value.

[4] "Notwithstanding said property was occupied as a homestead by Wood and wife at the date said deed of trust was executed, they having executed a valid mechanic's lien upon said property to Brunsons, property executed and acknowledged as required by law, and the building having been placed thereon by Brunsons, and wholly paid for by plaintiff, Brooke Smith, under his agreement therefor with the defendants Wood and wife, the deed of trust executed by them to Brooke Smith to secure the payment for said note would be a valid lien upon the premises, and he would be subrogated to the rights of Brunson therein, even though there was no assignment of the mechanic's lien from Brunsons to plaintiff, Brooke Smith (West End Land Co. v. Grigg, 93 Tex. 451, 56 S. W. 49), and in this respect this case differs from the case of Girardeau v. Perkins, 126 S. W. 633, relied on by the defendants.

"There being no tender made in this court of the amount of the purchase money owing (as evidenced by said note), the plaintiff is entitled to recover on his superior title reserved in his said deed, if for any reason it be held that said deed of trust was not valid. Rutherford v. Mothershed, 42 Tex. Civ. App. 360, 92 S. W. 1021; Honaker v. Jones, supra.

"The writ of sequestration properly issued in this cause upon the sworn petition filed by the plaintiff herein; it containing all the necessary averments of the affidavit required by statute. Hunter v. Adoue & Lobit, 38 Tex. Civ. App. 542, 86 S. W. 622; Cleghorn v. Boxley, 123 S. W. 438.

"From the foregoing I conclude that plaintiff is entitled to recover as prayed for; and it is so ordered."

These conclusions of law sufficiently answer each and all of the assignments presented in appellants' brief, and it is unnecessary to add anything thereto.

It follows that each of the assignments should be overruled, and the judgment of the court below affirmed; and it has been so ordered.

Affirmed.