Geraldine POSEY, Appellant,

v.

BROUGHTON FARM COMPANY and
Broughton Joint Venture,
Appellees.

No. 11–98–00272–CV.

Court of Appeals of Texas,
Eastland.

July 22, 1999.

Rehearing Overruled Aug. 26, 1999.

Eric Gordon Walraven, H. Grady Terrill,
Craig, Terrill & Hale, Lubbock, for appel-
lant.

John T. Ferguson, Weaver & Ferguson,
P.C., Big Spring, for appellees.

Panel consists of: ARNOT, C.J., and McCALL, J., and McCLOUD, Senior Judge.*

## OPINION

TERR˙ʸ McCALL, Justice.

This case involves the sale and delivery of cotton utilizing a cotton purchasing agent. Because the agent was acting for a partially-disclosed principal, we affirm the trial court's summary judgment holding that the agent is personally liable on the contract.

### Background Facts

Geraldine Posey was a cotton purchasing agent who purchases cotton for a number of different buyers; she did not buy cotton for her own account. Scott Underwood contacted Posey in January 1996, requesting that she purchase cotton for him. Shortly thereafter, Broughton Farm Company and Broughton Joint Venture (Broughton) contacted Posey concerning the possible sale of their cotton. Broughton and Posey agreed on a price, and Broughton delivered the warehouse receipts on the cotton to Posey on Friday, January 5, 1996. On Sunday evening, January 7, 1996, Posey sent by bus the warehouse receipts to her principal, Underwood. Posey prepared drafts, drawn on American Cotton Marketing, for the agreed price of the cotton which Broughton did not pick up until January 10 or 11. Underwood did business under the name of American Cotton Marketing. When they were sent to Norwest Bank in Lubbock, the drafts were not paid.

Posey introduced no evidence to show that she disclosed the name of her principal, Underwood, or the name of American Cotton Marketing to Broughton until it was given the drafts with the name of American Cotton Marketing on them. Underwood's name did not appear on the drafts. The drafts did have Posey's signature on their face as the person approving

the issuance of the drafts to Broughton. Even after Broughton picked up the drafts, there was no evidence that Broughton knew of Underwood until after the drafts were not honored by Norwest Bank on January 16. In his deposition, Broughton testified that January 16 was the date when it learned that Underwood was Posey's principal.

Broughton acknowledged that it assumed that Posey was buying cotton for some other person. They had dealt with each other on previous occasions, and Broughton knew that Posey had acted for different buyers. On at least one occasion in 1995, Posey's buyer for Broughton's cotton had been American Cotton Marketing.

Broughton sued Posey for damages, alleging four causes of action: (1) action upon written drafts; (2) breach of contract; (3) action on sworn account; and (4) conversion. Both parties filed motions for summary judgment. Denying Posey's motion, the trial court granted Broughton's motion for summary judgment. One of the grounds urged by Broughton was that Posey was individually liable for breach of contract because, as an agent, she had acted for a partially-disclosed principal.

### Standard of Review

A trial court should grant a motion for summary judgment if the moving party establishes that: (1) no genuine issue of material fact exists and (2) the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). Once the movant establishes his right to a summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979).

To prevail on a summary judgment, a plaintiff must prove all the elements of his cause of action as a matter of law. *MMP,*

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland    sitting by assignment.

*Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex. 1986); *City of Houston v. Clear Creek Basin Authority,* supra at 678. When reviewing a summary judgment, we must take as true evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in favor of the non-movant. *American Tobacco Company, Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985).

### Posey as Agent for Partially–Disclosed Principal

■ Both parties agree that an agent acting for a partially-disclosed principal is personally liable on the contract made for her principal just as an agent who fails to disclose the fact of agency would be. *Boyles v. McClure,* 243 S.W. 1080 (Tex. Comm'n App.1922, judgm't adopted); *Lacquement v. Handy,* 876 S.W.2d 932, 939 (Tex.App.—Fort Worth 1994, no writ); *Southwestern Bell Media, Inc. v. Trepper,* 784 S.W.2d 68, 71 (Tex.App.—Dallas 1989, no writ); *A to Z Rental Center v. Burris,* 714 S.W.2d 433, 435 (Tex.App.—Austin 1986, writ ref'd n.r.e.). Posey argues that this settled principle does not apply in this case.

■ Posey first contends that she did disclose her principal because an enforceable contract was not entered until Broughton picked up the drafts and, at that moment, it was made aware of American Cotton Marketing. Posey's conclusion that there was disclosure rests on an inval-

id premise concerning when the contract became enforceable.

■ Posey is correct that any oral contract reached when they agreed on a price would have been unenforceable because of the statute of frauds. TEX. BUS. & COM. CODE ANN. § 2.201(a) (Vernon 1994). Broughton, however, completed its performance by delivering the warehouse receipts to Posey.[1] When she sent the warehouse receipts to Underwood, Posey confirmed her acceptance. TEX. BUS. & COM. CODE ANN. § 2.606(a)(3) (Vernon 1994). At that point, the oral contract became enforceable under a statutory exception to the statute of frauds. TEX. BUS. & COM. CODE ANN. § 2.201(c)(3) (Vernon 1994);[2] see *Stone v. Metro Restaurant Supply, Inc.,* 629 S.W.2d 254, 256–57 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). And, at that point, the undisputed fact is that Posey had not disclosed her principal to Broughton.[3]

Posey argues on appeal that she accepted the warehouse receipts as bailee for Broughton, not as an agent for Underwood. This legal ground was not presented to the trial court. TEX.R.APP.P. 33.1. Further, we find no evidence in the record supporting Posey's theory of bailment. To the contrary, Posey's pleadings, briefs, and summary judgment proof assert that she acted as the agent for Underwood.

### Identity of a Principal Must Be Disclosed

■ Alternatively, Posey argues that enough facts were known to Broughton to

---

1. Warehouse receipts are used to transfer title to cotton. TEX. BUS. & COM. CODE ANN. § 1.201 (Vernon 1994 & Supp.1999). Physical delivery of the cotton is not required to transfer title. Here, the cotton was in possession of a gin, a bailee, and Broughton delivered negotiable documents of title covering the cotton. TEX. BUS. & COM. CODE ANN. § 2.503(d)(1) (Vernon 1994).

2. Section 2.201(c)(3) provides that "[a] contract which does not satisfy the requirements of Subsection (a) [the Statute of Frauds] but which is valid in other respects is enforceable

... with respect to goods ... which have been received and accepted (Section 2.606)."

3. In her deposition, Posey acknowledged that she did not disclose the name of the buyer to Broughton until the drafts were issued. The crucial time by which disclosure must have been made is the time when the liability of either party on the contract accrues. See *Lacquement v. Handy,* supra at 940; *Mahoney v. Pitman,* 43 S.W.2d 143, 146 (Tex.Civ. App.—Amarillo 1931, writ ref'd). Here, that time was the delivery and acceptance of the warehouse receipts.

put it on notice that it should inquire as to whether Posey was acting as an agent when she bought its cotton. For her proposition that a duty exists to inquire whether the agent is acting for a principal when there are circumstances putting one on notice, Posey cites *Johnson v. Armstrong*, 83 Tex. 325, 18 S.W. 594, 595 (1892), and *Carter v. Walton*, 469 S.W.2d 462, 472 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). These cases do not support Posey's position.

Carter v. Walton, supra, held that an agent who identified a non-existent company as his principal was personally liable for ordering some signs. Citing Johnson v. Armstrong, supra, the *Walton* court in dicta observed that circumstances may exist which would put a person on notice of inquiry as to an agent's principal. In Johnson v. Armstrong, supra, architects hired to prepare plans for buildings for a college attempted to hold the president of the college, who had hired them, personally liable on the contract. The court concluded that, from the totality of the circumstances, the architects should have known that the buildings were for the college and not for the president who hired them. The opinion implies that the architects did in fact know that they were dealing with the college. The facts in Johnson v. Armstrong, supra, are not analogous to this case.

■ It was Posey who had a duty to disclose Underwood as her principal. Stating the rule in more detail:

> It is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of the principal, *to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal,* as the person dealt with is not bound to inquire whether or not the agent is acting as such for another. (Emphasis added)

*Mahoney v. Pitman*, supra at 146; *Boyles v. McClure*, supra at 1081–82; *Vincent Murphy Chevrolet Company v. Auto Auction, Inc.*, 413 S.W.2d 474, 477 (Tex.Civ.

App.—Eastland 1967, writ ref'd n.r.e.); *Hunter v. Adoue & Lobit*, 38 Tex.Civ.App. 542, 86 S.W. 622, 624 (1905, writ ref'd). The *Hunter* court noted that:

> It is not sufficient that the seller may have the means of ascertaining the name of the principal. If so, the neglect to inquire might be deemed sufficient. He must have actual knowledge. There is no hardship in the rule of ° liability against agents. They always have it in their own power to relieve themselves, and, when they do not, it must be presumed that they intend to be liable.

*Hunter v. Adoue & Lobit,* supra at 624.

■ The disclosure must be made at the time the parties enter the contract. See *Boyles v. McClure*, supra; *Lacquement v. Handy*, supra at 940; *Anderson v. Smith*, 398 S.W.2d 635, 637 (Tex.Civ.App.—Dallas 1965, no writ). In *Anderson,* the Dallas court held that the fact that a party received checks made by the principal did not relieve the agent from liability. The court reasoned that the disclosure needed to be made at the formation of the contract and noted that the mere receipt of checks or other documents bearing the principal's identity might not be sufficient to disclose the identity to the plaintiff. *Anderson v. Smith*, supra at 637.

Because the contract became enforceable when Posey accepted the warehouse receipts, any notice that the drafts were being drawn on American Cotton Marketing came too late. Moreover, the drafts only identified the purchaser as American Cotton Marketing, the trade name by which Underwood did business. A number of cases have held that disclosure of the principal's trade name is insufficient to relieve the agent of personal liability. *Wynne v. Adcock Pipe and Supply*, 761 S.W.2d 67, 69 (Tex.App.—San Antonio 1988, writ den'd); *A to Z Rental Center v. Burris*, supra at 435; *Carter v. Walton*, supra at 471–72. It was undisputed that Broughton did not learn of Underwood's identity as Posey's principal until after Norwest failed to honor the drafts.

*Conclusion*

Posey acted for a partially-disclosed principal at the time the contract became enforceable. Thus, we need not address Broughton's other grounds for summary judgment. The trial court was correct in denying Posey's motion for summary judgment.

We affirm the trial court's judgment.