TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00055-CV




Rick J. Deyoe, Appellant

v.

Gray, Jansing & Associates, Inc., Appellee




FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
NO. 259,914, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N


                        Appellee Gray, Jansing & Associates, Inc. brought suit for breach of contract against
appellant Rick Deyoe, Realtex Development Corporation, Cameron Place, Ltd., Cameron Place I,
Ltd., and Cameron Place II, Inc., to recover $6982.38 in unpaid engineering services fees plus
attorney’s fees and costs in connection with the development of the Cameron Place Apartments
project. After a bench trial, the trial court rendered judgment in favor of Gray Jansing, awarding the
sum of $6982.38 plus pre- and post-judgment interest, attorney’s fees, and costs. In two issues,
Deyoe challenges the sufficiency of the evidence, asserting that he was not a party to the contract and
the contract did not impose any obligations on him. We affirm the judgment.

BACKGROUND

                        Deyoe is the president and sole shareholder of Realtex Development Corporation.
Realtex was founded in April 1998 to develop multifamily housing projects for the affordable
housing market. Deyoe is also the registered agent for Cameron Place, Ltd., Cameron Place I, Ltd.,
and Cameron Place II, Inc., and the president of Cameron Place II, Inc. (“Cameron Place
defendants”). The Cameron Place defendants did not answer and did not appear.
                        On August 4, 1999, Gray Jansing submitted a proposal for engineering services for
the Cameron Place Apartments project. Under the Engineering Services Agreement, Gray Jansing
was to provide engineering services to support the site development permit for the apartments. The
proposal was submitted by Gray, Jansing & Associates, Inc., over the signature of John M. Jansing,
Jr., P.E. The proposal was submitted to Deyoe in care of Cameron Place, Ltd., on August 16, at the
address for Realtex. Deyoe countersigned the proposal on a line beneath the word “approved,” and
no representative designation appeared below Deyoe’s name.
                        When Gray Jansing was not paid for services rendered, it filed suit against Deyoe,
Realtex, and the Cameron Place defendants for breach of contract, suit on a sworn account, and,
alternatively, quantum meruit. In addition, Gray Jansing asserted, as an alternate theory of recovery,
that Deyoe and Realtex were the alter ego of the Cameron Place defendants. At trial, Gray Jansing
claimed that Deyoe signed the contract in his individual capacity and was individually liable; Deyoe
urged that he approved the proposal as agent for Cameron Place, Ltd., which was owned by an
individual known as Charlie Palmer, and that Deyoe was not individually liable because Gray
Jansing had actual knowledge of the identity of the principal.
                        After a bench trial, the trial court found in favor of Gray Jansing and filed findings
of fact and conclusions of law in support of its final judgment. The trial court also found Deyoe
individually liable, Realtex not liable, and the Cameron Place defendants in default and liable. The
findings of fact and conclusions of law also included the following:
 
Findings of Fact
 
1.    On or about August 16, 1999, Plaintiff and Defendant Rick Deyoe entered into
a contract whereby Plaintiff would provide engineering services for a
development know as Cameron Place Apartments.
 
2.    The contract was signed by Rick J. Deyoe in his individual capacity.
 
3.    The contract on its face obligates Rick J. Deyoe and Cameron Place, Ltd. to
perform under the contract.
 
4.    Rick J. Deyoe did not disclose to Plaintiff any intent to sign the contract as an
agent for any other person or entity.
 
5.    Defendant Cameron Place, Ltd. is a Texas limited partnership, whose general
partner is Cameron Place I, Ltd., a Texas limited partnership, whose general
partner is Cameron Place II, Inc.
 
 
Conclusions of Law
 
2.    Defendant Rick Deyoe failed to show by a preponderance of the evidence that
he disclosed to Plaintiff his intent to sign only in a representative capacity.
 
3.    Rick Deyoe is liable in his individual capacity.
 
4.    Defendants Rick Deyoe, Cameron Place, Ltd., Cameron Place I, Ltd. and
Cameron Place II, Inc. have breached the contract with Plaintiff for failure to
pay for services rendered by the Plaintiff.
 
****
 
10.  Plaintiff is not entitled to judgment against Realtex Development Corporation. 
 

Deyoe appeals from this judgment.

ANALYSIS

                        On appeal, Deyoe contends that the trial court erred in finding him individually liable
because (i) he merely signed the agreement on behalf of a disclosed principal, and (ii) the agreement
did not impose any obligations on him. He asserts that Gray Jansing had actual knowledge that
Cameron Place, Ltd. was the principal. Gray Jansing responds that Deyoe signed the contract in his
individual capacity, that he never disclosed that he signed the contract as agent for any principal, and
that the principal was undisclosed.
                        When the trial court acts as fact-finder, we review its findings under legal and factual
sufficiency standards. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). We
review fact findings for sufficiency under the same standards that are applied in reviewing evidence
supporting a jury’s answer. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). In evaluating
legal sufficiency, we view the evidence in the light most favorable to the prevailing party. 
Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 24 (Tex. 1994). To support a reversal on grounds
that the evidence is legally insufficient, we must be persuaded that reasonable minds could not differ
on the matter in question. Id. at 25. When reviewing a challenge to the factual sufficiency of the
evidence, we must consider, weigh, and examine all of the evidence in the record. Plas-Tex, Inc. v.
U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). We set aside the finding only if it is so contrary
to the great weight and preponderance of the evidence as to be clearly wrong and unjust. Ortiz v.
Jones, 917 S.W.2d 770, 772 (Tex. 1996).
                        A party attempting to overcome an adverse fact finding as a matter of law must
surmount two hurdles. Anderson, 806 S.W.2d at 795 & n.3. First, the record must be examined for
evidence that supports the finding, while disregarding all evidence to the contrary. Id. at 795. 
Second, if there is no evidence to support the finding, the entire record must then be examined to see
if the contrary proposition is established as a matter of law. Sterner v. Marathon Oil Co., 767
S.W.2d 686, 690 (Tex. 1989).
                        The law is well settled. Unless the parties have agreed otherwise, a person making
or purporting to make a contract with another as agent for a disclosed principal does not become a
party to the contract. A to Z Rental Ctr. v. Burris, 714 S.W.2d 433, 435 (Tex. App.—Austin 1986,
writ ref’d n.r.e.); see also Burch v. D. L. Hancock, 56 S.W.3d 257, 261 (Tex. App.—Tyler 2001, no
pet.); Restatement (Second) of Agency § 320 (1957). If, however, the principal remains undisclosed,
or if it is known that a person is acting as an agent but the principal’s identity is not disclosed, the
agent is a party to the contract. Restatement (Second) of Agency §§ 321, 322 (1957); see Boyles v.
McClure, 243 S.W. 1080, 1081-82 (Tex. Comm. App. 1922, judgm’t adopted); see also 12 Williston
on Contracts § 35:43 (4th ed. 1999).
                        For an agent to avoid personal liability, he must disclose to the contracting party his
intent to sign as a representative as well as the identity of his principal; the party with whom the
agent deals has no duty to discover the principal. Burris, 714 S.W.2d at 435; Mahoney v. Pitman,
43 S.W.2d 143, 146 (Tex. Civ. App.—Amarillo 1931, writ ref’d). Uncommunicated intent will not
suffice. Seale v. Nichols, 505 S.W.2d 251, 255 (Tex. 1974). The inference that the agent is a party
to the contract exists until the agent gives such complete information concerning the principal’s
identity that the principal can be readily distinguished; if the other party has no reasonable means
of ascertaining the principal, the inference prevails unless the parties have agreed otherwise. Burris,
714 S.W.2d at 435; see also Restatement (Second) of Agency § 321 cmt. a (1957). Disclosure of
an agency, then, is incomplete to relieve an agent from liability unless it also includes the identity
of the principal. Burris, 714 S.W.2d at 435.
                        The burden does not fall on the party dealing with the agent to discover the existence
of the relationship merely because he had a means of discovering the agent’s representative capacity. 
Id.; Anderson, 398 S.W.2d at 794. Actual knowledge of the existence and identity of the principal
is the test; the contracting party’s suspicion is not sufficient. Southwestern Bell Media, Inc. v.
Trepper, 784 S.W.2d 68, 71 (Tex. App.—Dallas 1989, no writ); Burris, 714 S.W.2d at 435; see also
Johnson v. Armstrong, 18 S.W. 594, 595 (Tex. 1892); Carter v. Walton, 469 S.W.2d 462, 471 (Tex.
Civ. App.—Corpus Christi 1971, writ ref’d n.r.e.). In determining whether sufficient disclosure of
an agency relationship was made, we look to the time that the parties entered into the contract. 
Posey v. Broughton Farm Co., 997 S.W.2d 829, 832 (Tex. App.—Eastland 1999, pet. denied); 
Lacquement v. Handy, 876 S.W.2d 932, 940 (Tex. App.—Fort Worth 1994, no writ). Knowledge
acquired after a cause of action has accrued cannot affect the right to recover from the agent
personally on a contract. See Dodson v. Peck, 75 S.W.2d 461, 463 (Tex. Civ. App.—Amarillo 1934,
writ dism’d w.o.j.).
                        This case turns on the findings of fact by the trial court. The issue of disclosure is a
question of fact. Lacquement, 876 S.W.2d at 939. Where conflicting evidence is presented
concerning disclosure, the issue must be resolved by the trier of fact. Id. We are not authorized to
substitute our assessment of the evidence for that of the trial court. Southern States Transp., Inc. v.
State, 774 S.W.2d 639, 640 (Tex. 1989). If the trial court’s findings are supported by probative
evidence, then we may not disregard them as a matter of law. Id.
                        Deyoe challenges the trial court’s finding that he contracted with Gray Jansing
individually rather than as an agent. Here, the trial court heard evidence that Deyoe signed a contract
with Gray Jansing for engineering services on a project known as the Cameron Place Apartment
Project. The proof at trial showed that the sole agreement between the parties, the Engineering
Services Agreement, was signed by John Jansing for Gray Jansing and by Rick Deyoe with no
company identified next to his name. The letter agreement was addressed to Deyoe in care of
Cameron Place Ltd. at the address for Realtex. Gray Jansing submitted its monthly invoices for
work done on the project to Deyoe at Realtex. Deyoe testified that he informed Gray Jansing of the
address for the contract. Two of the invoices were paid with checks drawn on Realtex’s operating
account; the checks were signed by Deyoe. Despite these payments, Deyoe never notified Gray
Jansing that he was not the party responsible for the payments. Jansing testified at trial that Deyoe
never identified anyone else who was responsible for the payment of the invoices. Jansing testified
that he was “not aware of any other parties, any other owners, any other side agreements whatsoever.
I dealt solely with Mr. Deyoe on this project in relation to setting up the project, reviewing the
project, and proposing our services to complete the project for him.” Jansing also testified that he
“was led to believe that Mr. Deyoe was the owner of the project,” and that he always believed he was
doing business with Deyoe.
                        Deyoe testified that he was the president and sole shareholder of Realtex
Development Corporation. His relationship to the Cameron Place defendants was less clear. When
asked whether he was the president of Cameron Place II, Inc., he responded, “I was appointed to that
position by Charlie Palmer.” He did not know whether he remained the registered agent for the
company and could not recall whether he had incorporated the company, but he recalled that he or
his company had paid an attorney for the incorporation of Cameron Place II, Inc. The following
testimony transpired on examination of Deyoe by opposing counsel:
 
Q:   You are a limited partner in Cameron Place, Ltd., aren’t you?
 
A:   No.
 
Q:   You were at one time, weren’t you?
 
A:   I don’t know.
 
Q:   And you did not know at the time of your deposition, on November 12th,
whether you were ever a limited partner in Cameron Place, Ltd., did you?
 
A:   No.
 
Q:   You have not done anything since November 12, 2002 to determine whether or
not you are a limited partner in Cameron Place, Ltd., have you?
 
A:   No.
 
Q:   Okay. You are a limited partner for Cameron Place I, Ltd., aren’t you?
 
A:   No.
 
Q:   Well, at the time of your deposition, November 12th, you said that you did not
know if you were a limited partner for Cameron Place I, Ltd. Do you now know
for sure that you are not a limited partner?
 
A:   No.
 
Q:   Okay. You have not done anything in the last eight months to determine
whether or not you are now or ever were a limited partner for Cameron Place I,
Ltd., have you?
 
A:   No.
On examination by his counsel, Deyoe recalled that he had not received a K-1 statement for Cameron
Place, Ltd. or for Cameron Place I, Ltd., which, according to Deyoe’s testimony, would “indicate
[he] was never a limited partner.” Deyoe testified that the address on the agreement belonged to
Realtex and that he had given the address to Jansing for purposes of the contract. He denied
knowledge of any bank accounts opened for the Cameron Place defendants and of Realtex’s
payments to eight entities on behalf of Cameron Place in the amount of $52,000. Deyoe further
testified that any money paid by Realtex was funded by Charlie Palmer. Upon receipt of the invoices
from Gary Jansing, Deyoe would contact Palmer and Palmer would wire the funds. The evidence
at trial showed Deyoe had received and maintained records for wire transfers from Palmer in the
amount of $25,000.
                        In a pre-trial Request for Disclosure admitted into evidence, Deyoe stated that he and
Realtex “have no affiliation with the Cameron Place entities.” He testified at trial, however, that he
worked for them and acted as their agent. When asked whether he had ever disclosed to John
Jansing or to Gray Jansing that Charlie Palmer was the owner of Cameron Place, Ltd., Deyoe could
not recall. Deyoe testified that he and Realtex were originally the developer of the project but that
“Charlie Palmer decided he wanted to take over the development and it was his project.” Deyoe did
not know whether Jansing knew that Palmer took over the project and could not recall whether he
told him that information.
                        Apart from his testimony in support of his contention that Gray Jansing had actual
knowledge, Deyoe places significance on the fact that when Gray Jansing initially filed suit, it sued
only Cameron Place, Ltd. Deyoe was identified only as the registered agent of Cameron Place, Ltd.
in the original petition. Deyoe and the other parties were later added to the lawsuit in the first
amended petition, which was filed when Gray Jansing changed legal counsel. From this, Deyoe
argues that Gray Jansing had actual knowledge of the agency relationship and that he “judicially
admitted” that the party owing the debt was Cameron Place, Ltd., not Deyoe or Realtex. But
statements contained in superseded pleadings—unlike live pleadings—are not conclusive and
indisputable judicial admissions. Sosa v. Central Power & Light, 909 S.W.2d 893, 895 (Tex. 1995). 
In any event, this issue was waived when contrary evidence was introduced and appellant failed to
object.
                        We have reviewed the record and conclude that there is evidence in the record to
support each of the findings of fact. Specifically, the evidence in the record supports the trial court’s
finding that Deyoe signed the contract in his individual capacity, that it obligated Deyoe and
Cameron Place, Ltd. to perform under the contract, and that Deyoe did not disclose to Gray Jansing
any intent to sign the contract as an agent for any other person or entity. To be sure, Deyoe disputes
that he signed in his individual capacity. He offered no testimony, however, that he represented to
Jansing or anyone at Gray Jansing that he was acting on behalf of Charlie Palmer or Cameron Place. 
Jansing’s testimony that he thought Cameron Place, Ltd. was also a party to the contract is at odds
with his other testimony that “I never understood there to be anybody else involved other than Mr.
Deyoe. I was never told that there were any other parties involved.” For Deyoe to avoid liability,
however, he must disclose both that he is acting in a representative capacity and the identity of the
principal. The record does not reveal any great weight of evidence contradicting the trial court’s
findings in this case.
                        In both Burris and Lacquement, the courts held the agent liable because the
contracting party had no knowledge of the unidentified principal in the transactions. 714 S.W.2d
at 437; 876 S.W.2d at 940. In those cases, the agent disclosed his representative status, but failed
to disclose the true identity of the principal. Likewise, here the court found that Deyoe failed to
disclose his intent to sign as agent or the principal’s actual identity. The remaining question is
whether Gray Jansing had actual knowledge. The ownership of the Cameron Place defendants and
the relationship between Charlie Palmer and Deyoe remained contradictory even in Deyoe’s
testimony at trial. Deyoe testified that Palmer took over the development of the Cameron Place
project, but he could not recall whether he ever informed Jansing that Palmer was the owner or
developer of the Cameron Place project. At most, the identity of Cameron Place—but not its
role—was known to Gray Jansing. Because the duty to disclose lies with the agent—and the party
with whom the agent deals is not obligated to discover the existence of a principal or his identity—a
party’s mere knowledge that others are somehow involved does not transform it into knowledge of
agency sufficient to defeat liability. See Burris, 714 S.W.2d at 437.
                        It was for the trial court to resolve the conflicting testimony, and the court was
entitled to evaluate the witnesses’ credibility and accept or reject some or all of the testimony. This
Court is not a fact-finder and may not pass on the credibility of the witnesses or substitute its
judgment for that of the trier of fact, even if a different conclusion could be reached on the evidence. 
See Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex. 1988). Because there was evidence to support
the trial court’s finding that the agency relationship was undisclosed and that Deyoe signed the
contract in his individual capacity, we hold that the evidence is legally and factually sufficient to
support the trial court’s findings.
                        Having overruled Deyoe’s issues, we affirm the judgment of the trial court.
 
 
                                                                                                                                                            
                                                                        Jan P. Patterson, Justice
Before Chief Justice Law, Justices Patterson and Puryear
Affirmed
Filed: March 17, 2005