

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00077-CV

PATRIOT RESIDENTIAL
MANAGEMENT SERVICES, LLC

APPELLANT

V.

CARLOS LAZO D/B/A MAXWELL
FINISH CO.

APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Patriot Residential Management Services, LLC appeals from the trial court's judgment in favor of appellee Carlos Lazo d/b/a Maxwell Finish Co. (Lazo).  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

Lazo owns a painting and resurfacing contracting business. Lazo began providing services to the Regency Village Apartments in November 2008. The Regency Village Apartments were owned by MPI Forest Creek, LLC and managed by Miles Properties. In September 2009, Patriot took over the management of the Regency Village Apartments. Lazo continued to provide services to the Regency Village Apartments, but beginning in December 2009, he did not receive payment for his work.

Lazo sued Patriot and MPI on a sworn account and for quantum meruit. Lazo claimed that Patriot was an undisclosed agent of MPI. On April 19, 2011, the trial court signed a default judgment in favor of Lazo against Patriot and MPI "jointly and severally" in the amount of $89,950, plus interest and attorney's fees.

On April 29, 2011, Patriot filed a motion to set aside the default judgment and for new trial, which the trial court granted. On August 7, 2011, Patriot filed its first amended answer, stating that Lazo was

> barred from obtaining judgment against Patriot as it exercised its election of remedies by obtaining judgment against [MPI], with respect to Plaintiff's Original Petition. As it can only obtain a judgment against one of the defendants listed in its Original Petition, and it has already obtained a judgment against MPI, its claim against Patriot is discharged.

Lazo moved for summary judgment against Patriot. In Patriot's opposition to the motion, it argued that Lazo had already obtained a judgment against MPI. The trial court denied Lazo's motion for summary judgment. Patriot filed a cross-

motion for summary judgment and a motion for summary judgment. Both motions argued that Lazo had exercised his election of remedies. The trial court denied the motions.

After a bench trial, the trial court ordered that Patriot was liable to Lazo for $89,950, plus interest and attorney's fees. This appeal followed.

**Discussion**

**1. Election of Remedies**

In its first issue, Patriot argues that Lazo's claim against it was barred because Lazo had already elected to proceed against MPI.

The election doctrine is an affirmative defense that constitutes a bar to relief when a party successfully exercises an informed choice between two or more remedies that are so inconsistent as to constitute manifest injustice. *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851 (Tex. 1980). *But see Horizon Offshore Contractors, Inc. v. Aon Risk Servs., Inc.*, 283 S.W.3d 53, 59 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("[T]he high court has concluded that this defense is not favored and should not be extended."). Full satisfaction bars a claim because the law will not permit double recovery. *See Bocanegra*, 605 S.W.2d at 851.

The trial court set aside the default judgment, and Patriot filed its amended answer. Patriot argues that the default judgment was set aside only as to it, not as to MPI, and notes that Lazo filed a postjudgment garnishment action against MPI. Patriot's evidence of Lazo's alleged election of remedies is the pleading

3

Lazo filed in the garnishment action and Lazo's attorneys' billing entries showing work done in the garnishment action.

Patriot's evidence does not show that Lazo successfully recovered against MPI so that recovery against Patriot would constitute manifest injustice. Patriot's evidence merely shows that Lazo *attempted* to recover against MPI. Although Patriot claimed at oral argument that Lazo recovered "sixty or seventy thousand" dollars from MPI in a turnover action, Lazo disputed that and claimed the money was the result of another action, and unrelated to the original action in this case.[2] Further, Lazo's judgment against Patriot was for $89,950, plus interest and attorney's fees, so even if Lazo had recovered $60,000 or $70,000 from MPI, Lazo would still have not successfully recovered the full amount of damages it was owed. Seeking the remainder of the damages would therefore not be a double recovery. We overrule Patriot's first issue. Because we hold that Patriot did not establish that Lazo successfully recovered against MPI, we do not need to address that part of Patriot's fourth issue regarding election of remedies. *See* Tex. R. App. P. 47.1. We likewise do not reach Patriot's sixth issue regarding attorney's fees. *See id.*

## 2. Notice of Inquiry

In its second and third issues, Patriot argues that the trial court erred by failing to find that Lazo had a duty to inquire about Patriot's principal. Patriot

---

[2]There is nothing in the record to show what amount, if any, Patriot recovered from MPI, or to which action any such money was related.

4

agrees that there is a "general rule" that an agent has the duty to disclose that he was acting as a representative. *See Lacquement v. Handy*, 876 S.W.2d 932, 939 (Tex. App.—Fort Worth 1994, no writ) ("[A]s a general rule, if an agent wishes to avoid personal liability on a contract, he has a duty to disclose to the third party, not only the fact he is acting in a representative capacity, but also the *identity* of his principal."). Patriot concedes that it did not give Lazo actual notice that it was an agent. However, Patriot argues that an exception to the general rule—that circumstances existed that put Lazo on notice of inquiry of the existence of a principal—applies in this case. *See Johnson v. Armstrong*, 83 Tex. 325, 328, 18 S.W. 594, 595 (Tex. 1892); *Veazie v. Beach Plumbing & Heating Co.*, 235 S.W. 695, 697 (Tex. Civ. App.—Fort Worth 1921, no writ).[3]

Patriot complains that the trial court failed to consider this exception or the evidence to support its application in this case. But Patriot points to no evidence that the trial court refused to consider this exception. Patriot raised this exception four times in motions for summary judgment and its response to Lazo's motion for summary judgment. It argued for the exception at trial. In its findings of fact and conclusions of law, the trial court found that "Patriot [had] failed to

---

[3]Lazo argues that the *Veazie* exception is not really an exception at all because in both *Johnson* and *Veazie*, the plaintiff had actual knowledge of the principal. *See Johnson*, 83 Tex. at 328, 18 S.W. at 595; *Veazie*, 235 S.W. at 697. For the purposes of our analysis, we will assume without deciding that the *Veazie* exception could apply.

establish by a preponderance of the credible evidence any of its affirmative defenses to Lazo's right to recover in this lawsuit."

The record shows that Patriot offered evidence in support of the *Veazie* exception at trial, and the trial court found it unpersuasive. When the trial court bases its decision on conflicting evidence and some evidence of substantive and probative character supports its decision, it does not abuse its discretion. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). We overrule Patriot's second and third issues. We therefore do not need to address the remainder of Patriot's fourth issue, which again argues that the trial court failed to consider Patriot's evidence regarding inquiry notice. *See* Tex. R. App. P. 47.1.

## 3. Quantum Meruit

In its fifth issue, Patriot argues that the existence of a prior written contract negates Lazo's claim for quantum meruit. Lazo sued for both quantum meruit and suit on a sworn account. The trial court's order does not state the grounds on which it found Patriot liable to Lazo. The findings of fact, however, include findings that support Lazo's suit on a sworn account cause of action, including that Patriot ordered services from Lazo, that Lazo performed the services, that Lazo did not receive payment for the invoices for his services, and that Patriot did not dispute the amount of the invoices. The trial court's judgment is supported on the ground of suit on a sworn account, and because it is supported on that ground, we do not need to reverse it on the ground of quantum meruit. *See*

6

*Cameron v. Bell*, No. 13-01-767-CV, 2003 WL 253609, at *4 (Tex. App.—Corpus Christi Feb. 6, 2003, no pet.) (mem. op.) (overruling appellant's issue on quantum meruit when the trial court's judgment was properly supported by appellee's breach of contract claim). We overrule Patriot's fifth issue.

## Conclusion

Having overruled Patriot's dispositive issues, we affirm the trial court's judgment.


LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

DELIVERED:  May 2, 2013